MCARTHUR *v.* PEACOCK.

One who was not in possession of land when the same was sold for State and county taxes by the sheriff, and who has no interest in the land as owner, or as being in privity with or a creditor of the owner, but who is a mere stranger to the title, has no right to attack the sale because of excessiveness in the levy or failure to advertise legally, or for other irregularities; and the burden of proving ownership, or the necessary privity with the owner, is upon the person making the attack.

April 23, 1894. Argued at the last term.

Ejectment. Before Judge SMITH. Dodge superior court. March term, 1893.

J. E. WOOTEN, for plaintiff.

E. A. SMITH, for defendant.

LUMPKIN, Justice.

McArthur brought an action of ejectment against Peacock for the recovery of two lots of land in Dodge county. At. the trial he abandoned his claim of title to one of them. He supported his claim of title to the other by showing that in 1884 a tax *fi. fa.* was duly issued by the tax-collector of that county, commanding that of the lot in question the sum of $1.63 be made, the

same being the amount of its State and county taxes for the year 1883, and that in pursuance of this *fi. fa.* the lot was levied on, sold, and duly conveyed by the sheriff to the plaintiff.

The defendant introduced a deed made in 1890, conveying to himself the lot in controversy, executed by one Sapp, who, so far as the record discloses, was a stranger to the title. It appears that the defendant was in possession at the time of the trial, but it does not appear that either he or Sapp, under whom he claims, was in possession at the time of the sheriff's sale, or that either had ever previously been in possession of the lot.

According to the evidence, the value of the lot ranged from $200.00 to $500.00. After the evidence on both sides had been closed, the court, being of the opinion that the sheriff's deed to McArthur was void because of excessiveness in the levy, and probably because of other irregularities in the sale, directed a verdict for the defendant, and the plaintiff excepted. We think the court erred. The attack upon the tax sale was made by one who, at the time it took place, was neither in possession of the land, nor had title to it, nor any interest in it whatever, either as creditor of the true owner, or otherwise. Neither does it appear that he was in any way in privity with the owner, or was anything more than a complete stranger to the title. Under these circumstances, we are satisfied he had no right at all to call in question the legality of the levy, or of any of the proceedings resulting in the tax sale. The right to complain of the levy of a tax *fi. fa.* because of excessiveness, or for any irregularity, is closely akin to the right of redeeming land which has been sold for taxes, and the two rights depend upon similar principles. It is well settled by respectable authorities that the right to redeem does not belong to one not in possession, but who is a mere stranger to the title and in no way interested

in or connected with it. Cooley, Tax. (2d ed.) 538–540, par. 6–7; Black, Tax Titles (2d ed.), §§369, 430. We are unable to perceive how the right to attack a tax sale can rest on any better foundation than the right of redemption.

In each of the cases decided by this court, which are relied on by counsel for the defendant in error, wherein attacks upon tax titles were sustained, it appeared that the objections to the same were made by one either owning or directly interested in the property, and this we apprehend will be found true of all other Georgia cases bearing upon this question.      *Judgment reversed.*