## PARKER *et al. v.* HOME MUTUAL BUILDING AND LOAN ASSOCIATION.

1. Land conveyed in a deed to secure a debt is not subject to levy and sale under a judgment obtained upon the debt until the grantee executes a reconveyance to the grantor.
2. Although such a judgment has been rendered and an execution issued, the plaintiff therein may nevertheless maintain an action against the defendant for the recovery of the land.
3. No presumption arises that an attorney, who obtains such a judgment, has authority from his client to have the execution issued thereon levied upon the land conveyed in the security deed before it has been reconveyed by the plaintiff to the defendant.
4. Applying the rules above announced to the facts of the present case, there was no error in directing a verdict in favor of the plaintiff.

Argued January 10, — Decided February 6, 1902.

Equitable petition. Before Judge Roberts. Telfair superior court. August 27, 1901.

*Eason & McRae,* for plaintiffs in error.
*E. D. Graham,* contra.

FISH, J. It appears from the record, that C. F. Weeks and C. H. Cook executed and delivered to the Home Mutual Building and Loan Association a deed to certain lots in the town of Helena, in Telfair county, to secure a loan of $800, for which they gave the association their bond, it, at the same time, executing to them a bond to reconvey the land to them upon the payment of the loan. The loan not being paid at maturity, the association brought suit against Weeks and Cook upon their bond, and obtained judgment thereon, which was general against the defendants and also special against the land described in the security deed. Execution issued, which followed the judgment. This execution was levied upon the land described therein, which was, at the sheriff's sale, bid in by C. B. Parker, for the sum of $70, the sheriff executing to him a deed to the property  Parker afterwards sold and conveyed the land to

Brigman, in consideration of $600. The association never at any time executed a deed reconveying the land to Weeks and Cook. After the purchase by Brigman, the association brought an equitable petition against Allagood, the sheriff who sold the land, Parker, and Brigman, in which it alleged that the sheriff's sale to Parker and the sale from the latter to Brigman were void, for the reason that the association had never reconveyed the land to Weeks and Cook, and that the levy under which the sheriff's sale was had was without any instructions or authority from, or knowledge of, the association. The prayers of the petition were, for a recovery of the land, the cancellation of the sheriff's deed to Parker and of the deed from Parker to Brigman, and for general relief. The sheriff's answer was to the effect, that his levy upon the land and its sale were in accordance with instructions received from the attorney of the association, and that the sale was regular and fair; that Parker paid him the $70, which was the highest and best bid received; and that a sufficiency of this amount had been applied to the payment of costs and the balance tendered to the attorney of the association, who had declined to accept it. Parker answered that he had purchased the land, at sheriff's sale, in good faith, and that he had no notice of the fact that the association had not reconveyed it to Weeks and Cook. Brigman answered that he had purchased from Parker in good faith and for a valuable consideration, and without notice that the association had any claim or right to the property, and that he was then in possession. Upon the trial, McLane, clerk of the superior court of Telfair county, testified that Z. A. Littlejohn, the attorney of the association who obtained the judgment, directed him to deliver the execution to the sheriff of that county, "with instructions to proceed at once to make the money," and that he turned over the execution to the sheriff, and at the same time delivered to him Littlejohn's instructions. The sheriff testified that the clerk handed him the execution, with instructions to make the money thereon as speedily as possible, and with further directions that it be levied upon the land in question. Parker's testimony was in accordance with his plea. Brigman did not testify upon the trial. Z. A. Littlejohn testified that, as attorney at law of the Building and Loan Association, he obtained the judgment against Weeks and Cook; that he directed McLane, the clerk of the court, to issue execution thereon and to enter it upon the general

execution docket, but that he never at any time authorized the sheriff to levy the execution upon the property in dispute; that the levy was made without his knowledge or consent, and that he knew nothing of the levy until after the sheriff's sale; that he had been practicing law for thirteen years, and representing the Home Mutual Building and Loan Association, as attorney, for five years prior to the date of the levy, and knew that before a levy could be lawfully made upon the property it was necessary that the association reconvey it to Weeks and Cook and have such reconveyance properly filed and recorded; that he did not desire the property in question levied upon, because there were negotiations pending by which he hoped to adjust the matter without a levy and sale. W. S. Thomson, president of the association, and law partner of Littlejohn, testified that the latter had entire and exclusive control of the case of the association against Weeks and Cook until after the sheriff's sale, and that he, Thomson, never at any time gave the sheriff of Telfair county, or any one else, instructions to levy the execution, and that he never knew of the levy until after the sale had taken place. W. W. Shipp, the secretary and treasurer of the association, testified that the association had never given the sheriff of Telfair county any authority to levy on and sell the property in controversy, and that he had no knowledge of the levy until after the sale had been made. The court directed a verdict in favor of the Building and Loan Association, that it recover the premises in dispute, and that the deed from the sheriff to Parker and the one from the latter to Brigman be cancelled. The defendants made a motion for a new trial, which being overruled, they excepted.

According to numerous decisions of this court, the sheriff's sale under which Parker bought was absolutely void, because the Building and Loan Association, the grantee in the security deed, had never made a reconveyance of the property to the grantors, Weeks and Cook. *Ashley* v. *Cook*, 109 *Ga.* 653, and cases cited. The fact that the association had sued Weeks and Cook on the bond secured by the deed, and obtained judgment thereon, is no reason why the association should not recover the property conveyed to it as security. To revest the title in Weeks and Cook it would be essential that the suit and judgment should be followed by a reconveyance, levy and sale, or the debt paid and the security deed cancelled as provided by law. *Ashley* v. *Cook*, supra. The

controlling-question in this case is, whether Littlejohn, as attorney for the association, had authority to bind it in instructing the levy to be made upon this property.   Whatever the truth may be as to the issue of fact between him and the clerk, in reference to the alleged direction to the sheriff to make the levy, as the court directed a verdict for the plaintiff we must consider the case as if such direction were really given.   The general rule seems to be that an attorney in whose hands a claim is placed for suit is presumed, after obtaining judgment thereon in favor of his client, to have authority to have execution issued and to direct it to be levied upon property belonging to the defendant. In *Jones* v. *Lamon,* 92 *Ga.* 529, it was held : " The attachment under which the levy was made having been sued out by the attorney of the plaintiff in that case, and the facts and circumstances showing beyond question that there was no reason to believe that any property was or would be within reach of the attaching officer except the horse and buggy on which the levy was made, and the attorney having been present when the levy was made, and not having said or done anything to forbid or disapprove the act of the levying officer, it is a necessary inference that the act of the officer in seizing the particular property was as much the result of the attorney's conduct as it would have been if the latter had expressly pointed out the property and directed the officer to seize it under the attachment. The levy should therefore be treated as having been made by direction of the attorney, and with authority from his client, the property at the time of the levy being in the possession of the defendant in attachment."   If this ruling means that an attorney has an implied authority to direct that an execution, which he has obtained in favor of his client, be levied upon property belonging to a third person, and that the client will be responsible for damages resulting from such a trespass, then, in the opinion of the writer, the decision is unsound.   In the language of Judge Cooley, in Foster *v.* Wiley, 27 Mich. 249, " There is a plain difference between a trespass committed on a third party in assumed execution of process, and one committed on the defendant under process sued out irregularly.   A plaintiff can never be held to intend a trespass to third persons ; but when one puts his case against another into the hands of an attorney for suit, it is a reasonable presumption that the authority he intends to confer upon the attorney includes such action

as the latter, in his superior knowledge of the law, may decide to be legal, proper, and necessary in the prosecution of the demand, and consequently whatever adverse proceedings may be taken by the attorney are to be considered, so far as they affect the defendant in the suit, as approved by the client in advance, and therefore as his act, even though they prove to be unwarranted by the law."

The decision rendered by this court in *Lynn* v. *New England Mortgage Security Co.*, 98 *Ga.* 442, is in accordance with this principle. There a deed was given as security for a debt, the grantee giving a bond to reconvey upon payment. The record shows that, upon failure of payment at maturity, the grantee reconveyed to the grantor the property described in the security deed, and then sued out an attachment, which was levied thereon. Judgment was afterwards rendered in the attachment proceedings against a lot of land other than that described in the security deed, the judgment, in this respect, following the declaration in attachment. Upon this judgment execution issued, which appeared on its face to be general and then special against the lot of land described in the declaration and judgment. This execution was levied on the lot of land described in the security deed, which had been levied on under the attachment, and the same was sold at sheriff's sale, and the purchasers at this sale sold the land to Lynn, against whom ejectment was brought for its recovery by the New England Mortgage Security Co., which owned the note and to which the grantee in the original security deed had conveyed the property sold. The plaintiff in that case sought to recover upon the ground that the sheriff's sale was void, because of the defective judgment. This court, evidently proceeding upon the presumption that the Mortgage Security Co. intended to confer upon its attorney authority to take such proceedings against its debtor as he might consider proper to enforce the collection of the debt, even though they might prove to be unwarranted by the law, held: " A plaintiff who causes, under an execution in his favor, a sale of property by an officer authorized to sell, is, as against a bona fide purchaser at such sale (except for the purpose of maintaining a petition to set the sale aside, founded upon facts equitably entitling him to such relief), estopped to deny either the validity of the process, the regularity of its issue, or the lawfulness of the sale." We do not think the ruling made in this case, or that made in *Jones* v. *Lamon*, supra, controls the case now

under consideration; for, in the present case, the attorney, after obtaining judgment and having execution issued thereon, could not legally proceed further against the land in dispute until his client, the Building and Loan Association, had taken positive action, indicating its purpose to have the property levied upon and sold in satisfaction of its judgment, by reconveying the same to the grantees in the security deed and having such reconveyance filed and recorded. We think it would be unreasonable to presume that the Building and Loan Association intended that its attorney should have authority to have the execution levied upon this property before such a reconveyance had been executed, filed, and recorded, and while the legal title to the property was still in the association. The more reasonable presumption would be, that if the association desired the execution to proceed against this property, to which it held the title, it would execute the reconveyance as the law requires, and then authorize its attorney to proceed according to law. Our conclusion, therefore, is that, even if Mr. Littlejohn directed the sheriff to make the levy, there is no evidence that the association authorized him so to do, and that the law will not presume that he had such authority, and that, applying the rulings herein announced to the facts of the case, the court did not err in directing the verdict of which complaint is made.

*Judgment affirmed. All the Justices concurring.*