STEPHENSON v. SUPREME COUNCIL A. L. H.

(Circuit Court, E. D. Pennsylvania. January 15, 1904.)

No. 37.

1. PLEADING—AFFIDAVIT OF DEFENSE—ALLEGATION OF NOTICE.
    Where the sufficiency of a defense pleaded depends upon whether a person, since deceased, acted with knowledge of a certain fact, a mere statement in the affidavit of defense that he was "duly notified" of such fact is insufficient.

At Law. On motion for judgment for want of a sufficient affidavit of defense.

F. Earle von Leer, for plaintiff.
Murdoch Kendrick, for defendant.

J. B. McPHERSON, District Judge. In many respects this controversy resembles the cases of Supreme Council, etc., v. Black, 123 Fed. 650, in the Court of Appeals for this circuit, and Daix v. Supreme Council, etc. (58, April Sessions 1903) 127 Fed. 374, which has just been decided in this district. It differs materially from both cases, however, in the nature of the defense. The present affidavit sets up the illegal by-law passed in August, 1900, that was referred to in those cases, reducing the amount payable upon the certificate of the plaintiff's husband from $5,000 to $2,000, but then goes on to aver that the plaintiff's husband, who was then alive, and a member of the order, received due notice of the by-law; that future assessments were levied upon the new basis, and were paid by him; and from these facts the conclusion is sought to be drawn that he assented to the by-law by paying these assessments without protest or demur. It is also averred that after his death the plaintiff, who was his wife, and the beneficiary named in the certificate, presented a claim for $5,000, but, upon being informed by a prominent officer of the order that this amount had been reduced to $2,000 by the action of the supreme council in August,

1900, and that her husband had agreed to the change, she accepted this information as correct, was paid the full amount due upon the reduced basis as a complete settlement, and surrendered the certificate for cancellation. The plaintiff objects to the sufficiency of these averments upon the ground that they are not sufficiently precise and definite upon the most material point. With this position I agree. The fundamental fact underlying both defenses is the giving of notice to the plaintiff's husband, and the statement contained in the affidavit that he was "duly notified" is a mere conclusion of the defendant itself, unaccompanied by any facts that might enable the court to judge of its correctness. This part of the affidavit should be much more detailed. At present it gives no information whatever upon a most important subject. The paragraphs referred to are as follows:

"The plaintiff's husband, Walter B. Stephenson, was duly notified of this amendment, and assented to its adoption by paying dues and assessments to the defendant after such notice, and by paying assessments to the defendant upon the rate or scale of assessment upon the amount of two thousand ($2,000) dollars. * * *

"The plaintiff, upon the death of her husband, the said Walter B. Stephenson, made proof of his death to the proper officer of the defendant corporation, to wit, the state commander, J. Harry Hughes, residing in the city of Philadelphia, and the said J. Harry Hughes, as an officer of the said defendant, fully explained to plaintiff the above-recited amendments to the by-laws, her husband's assent thereto, as above recited. He also fully informed her of the fact that there were suits at law growing out of controversies over the legal effect of the above-recited amendment to the laws, and that the defendant would pay $5,000 only upon a final judgment to that effect in a suit at law.

"With full knowledge of these facts, and in full payment and satisfaction of her rights under the said benefit certificate, and as a complete settlement of her claim against the defendant, the plaintiff accepted the sum of 1,900 dollars, and surrendered the said benefit certificate for cancellation, and the same has been duly canceled, in consequence whereof the defendant does not now owe the said sum of 3,100 dollars, or any part thereof."

In my opinion, this is too indefinite. It all depends upon the effect of a notice, about which nothing is said except that the member was "duly notified." The plaintiff's consent to the settlement was obtained by explaining to her that her husband had given his assent, "as above recited," again referring to the notice, but adding nothing to the previous insufficient statement. The affidavit should set out whether the notice was verbal or written, and, if written, it should append a copy, and should state distinctly how the written paper reached the member, whether by mail or by some other method of service. It is only after all these facts are made known that the court can be in a position to determine whether the member was "duly notified" of the by-law in question. I think also that the affidavit should set forth in figures what change in the amount of the assessment was made, and how many assessments were paid upon the new basis.

The defendant may file a supplemental affidavit upon these points within 20 days. Upon failure so to do, judgment may be entered for the plaintiff for want of a sufficient affidavit of defense.