## SAUNDERS *v.* REGISTER *et al.*

1. Where wild lands unreturned for taxation are sold under a valid tax fi. fa., a defect in the advertisement of the sale of the property levied upon is a mere irregularity and does not affect the validity of the sheriff's sale made to an innocent purchaser.
2. One who was not in possession of land when the same was sold for State and county taxes and who had no interest in the land as owner, or as being in privity with or a creditor of the owner, but who is a mere stranger to the title, has no right to attack the sale because of failure to advertise legally or for other irregularities.

No. 1206. JULY 21, 1919.

Equitable petition. Before Judge Thomas. Echols superior court. October 1, 1918.

Saunders brought a petition alleging that he was "the true and lawful owner under perfect title" of a described lot of land. Injunction to prevent the cutting, removing, and otherwise interfering with the timber thereon, and damages, were sought against one Thomas. There was attached as an exhibit to the petition an abstract disclosing that the plaintiff's claim of title was founded upon a sheriff's sale of the property for State and county taxes for the year 1893. Register intervened, alleging that he was the true owner and that Thomas was merely acting under his authority. On the trial Saunders introduced a tax fi. fa. issued by the tax-collector against unreturned wild lands, for unpaid taxes for the year 1893, the entry of levy made thereon by the sheriff, dated January 8, 1894, and the sheriff's deed made in

pursuance of the sale under the fi. fa., executed on the day of
the sale, March 6, 1894, to J. R. & J. G. Saunders, conveying the
lot of land in controversy, properly witnessed and duly recorded;
also a deed from J. R. Saunders to J. G. Saunders, dated March
9, 1894, conveying his interest in the lot, duly executed and
recorded. Upon motion of the defendant the court excluded the
fi. fa. and the sheriff's deed, upon the ground that the sale was not
advertised for ninety days prior thereto. Counsel for the plaintiff
thereupon announced that, with said muniments of title excluded
from evidence, they were unable to proceed further with the case.
The defendant intervenor moved for a nonsuit, which motion was
sustained, and judgment was accordingly rendered in favor of the
defendant; to which ruling and judgment plaintiff excepted. The
intervenor alleged that the land was conveyed to him on the 4th
day of February, 1896, by W. L. Smith. The record does not
disclose any conveyance of title to Smith.

J. L. *Sweat* and *Wilson & Bennett,* for plaintiff.

*Patterson & Copeland,* for defendant.

GILBERT, J. 1. Sales under tax fi. fas. should be made under
the rules governing judicial sales. Civil Code, § 1167; *Byars* v.
*Curry,* 75 *Ga.* 515. The rules referred to mean those relating
to "advertisement, time and place of sale, etc." *Smith* v. *Jones,* 40
*Ga.* 39, 43. A defect in the advertisement of the sale of the prop-
erty levied upon under a tax fi. fa. is a mere irregularity and
does not affect the validity of the sheriff's sale made to an
innocent purchaser. Civil Code, § 6059; *Conley* v. *Redwine,* 109
*Ga.* 645 (35 S. E. 92, 77 Am. St. R. 398) ; 2 Freeman on Execu-
tions, § 286; Maddox *v.* Sullivan, 44 Am. D. 234 (2 Rich. Eq. (S.
C.) 4). It does not appear that the plaintiff, who purchased at
the sale, had notice of the irregularity in the advertisement, and
he was therefore an innocent purchaser. *Humphrey* v. *McGill,* 59
*Ga.* 649. In the case of *Brooks* v. *Rooney,* 11 *Ga.* 423 (56 Am.
D. 430), a case decided before the adoption of the code and at a
time when the utmost particularity was required in cases of tax
executions, it was said that "a purchaser at sheriff's sale has a
right to presume that a public officer known to possess the power
to sell has taken every previous step required of him by the law
under which he sells." It was further said that requirements in
regard to advertisement in a particular way, or to sell between

certain hours of the day, were merely directory to the officer, and that his neglect to observe these directions may subject him to a suit for damages at the instance of the party injured by the neglect, but it will not affect the title of the purchaser unless there be collusion between him and the sheriff. It was also said that "the purchaser at sheriff's sale depends upon the 'judgment, levy, and the deed; all other questions are between the parties to the judgment and the officer.' It is sufficient for the purchaser that the sheriff had competent authority and sold and executed to him a title." In this case the validity of the tax fi. fa. under which the sheriff sold the property to Saunders is not questioned. If the owner of the land was injured by its sale under an advertisement for a shorter time than the law required, his remedy was against the sheriff. Strangers to the title are not injured, and have no right to take advantage of the defective advertisement. We think, therefore, that the failure to advertise the sale of the land for the required length of time was a mere irregularity and did not affect the title of one who was an innocent purchaser. It is different where the tax execution is void, as that is jurisdictional. *Shippen Lumber Co.* v. *Flemister,* 146 *Ga.* 348 (91 S. E. 111).

2. One who was not in possession of land when it was sold for State and county taxes, and who had no interest in the land as owner, or as being in privity with or a creditor of the owner, but who is a mere stranger to the title, has no right to attack the sale because of failure to advertise legally or for other irregularities. *McArthur* v. *Peacock,* 93 *Ga.* 715 (20 S. E. 215) ; *Morris* v. *Rogers,* 104 *Ga.* 705 (3), 708 (30 S. E. 937) ; *Bank of the University* v. *Athens Bank,* 107 *Ga.* 249 (2), 251 (33 S. E. 34). On rehearing, the request that the case of *McArthur* v. *Peacock,* supra, be reviewed is denied. It does not appear from the record that at the time the land was sold under the tax fi. fa. the intervenor, Register, had any interest in the land or was in privity with the owner, but so far as the record discloses he was a mere stranger to the title. His intervention alleges that the land was conveyed to him on the 4th day of February, 1896, by Smith, who was also a stranger in title, so far as the record discloses. It does not appear what other facts could or would have been shown by the plaintiff in support of his title. This is immaterial, however, because the rejection of his muniments of title by the court was

necessarily fatal to his case. The muniments of title made out a prima facie case in behalf of the plaintiff, upon which he was entitled to recover the premises in dispute, nothing else appearing. *Hilton* v. *Singletary,* 107 *Ga.* 821 (4), 826 (33 S. E. 715).

*Judgment reversed. All the Justices concur.*

ATKINSON, J., specially concurring. *In McArthur* v. *Peacock,* 93 *Ga.* 715 (20 S. E. 215), it was said: "One who was not in possession of land when the same was sold for State and county taxes by the sheriff, and who has no interest in the land as owner, or as being in privity with or a creditor of the owner, but who is a mere stranger to the title, has no right to attack the sale because of excessiveness in the levy or failure to advertise legally, or for other irregularities; and the burden of proving ownership, or the necessary privity with the owner, is upon the person making the attack." Applying this ruling to the facts of the case under consideration, it must be held, as ruled in the second division, that the defendant was not entitled to attack the sheriff's deed, and the judge committed error in rejecting the deed. The tax sale was of unreturned wild land, made in 1894 for taxes due in 1893. The law on that subject was then as now: "When property is assessed for taxes which has not been returned by any one, as soon as assessed the tax-collector shall at once issue an execution against it for the amount due and costs, and the sheriff shall advertise it for sale in some public gazette ninety days before the day of sale, and if by said day the taxes are not paid, it shall be sold. Provided, renting or hiring will not bring the requisite amount. Whatever overplus there may be shall be paid over to the ordinary as a part of the educational fund, with a statement of the property and account of sales, subject to the claim of the true owner within four years." Civil Code (1882), § 897; Civil Code (1910), § 1168. Under this law the sheriff did not have jurisdiction to sell the land until after he had advertised it in some public gazette for at least ninety days. The authority to him was to sell after such advertisement, "if by said day the taxes are not paid." The owner had until the day of sale in which to pay. It would require a strained construction of the statute to hold that the sheriff had authority to sell within the time in which the owner of the property had the right to pay the taxes and prevent the sale. A sale of unreturned wild land for taxes differs from other tax sales. In the case of wild lands the

levy proceeds as in rem, and there is no provision of law for notifying the owner of the land, as in other cases, that his property has been levied upon and will be sold. The legislature no doubt had this in mind in fixing the time during which the advertisement should run, as ninety days, differing from the law requiring the time of advertising other classes of property, which is thirty days. Under this view the failure to advertise for ninety days was not a mere irregularity, but should be regarded as jurisdictional, and the sale held to be void.

FISH, C. J. I concur in the views of Justice Atkinson.