## DAVIS, deputy sheriff, *et al.* *v.* MOORE.

1. Civil Code (1910) § 6028 does not apply to cases where tax executions are levied upon the property of the defendant in fi. fa., but § 1158 applies in such cases.
2. The transferee of a tax fi. fa. shall have the same right as to enforcing the execution and priority of payment as might have been exercised or claimed before the transfer.
3. Under the pleadings and the evidence in the case the court erred in overruling the general demurrer to the petition, and in granting an injunction.

No. 3268.    AUGUST 18, 1922.

Injunction. Before Judge Kent. Johnson superior court. May 13, 1922.

*Candler, Thomson & Hirsch* and *W. C. Brinson,* for plaintiffs in error.

HILL, J. C. H. Moore, a resident of Johnson County, executed a loan deed to the Central Bank and Trust Corporation of Fulton County, Georgia, conveying certain real estate to secure such loan. Subsequently a tax fi. fa. was issued by the tax-collector of Johnson County against C. H. Moore, for State and county taxes due for the year 1921 on the land covered by the loan deed above referred to, and also on all other property real and personal owned by Moore. The taxes were not paid by Moore; and after the execution was issued by the tax-collector against Moore the Central Bank and Trust Corporation paid the full amount of the fi. fa. to the tax collector and took a transfer of it. The transferee then directed the sheriff and his deputy, the plaintiffs in error, to levy the tax fi. fa. on certain personal property belonging to Moore. When the sheriff attempted to make the levy, Moore pointed out a certain portion of the real estate on which the Central Bank and Trust Corporation had the loan deed, and insisted that the levy be made on that land. The sheriff refused to levy on the real estate, but levied on the personal property. Moore then filed a petition in the superior court of Johnson County, against the sheriff and deputy sheriff of that county, and also against the Central Bank and Trust Corporation, to enjoin the sale of the personal property so levied on. Moore offered to pay to the sheriff the pro rata portion of the tax fi. fa. representing the amount of taxes assessed against his personal property. The defendants filed a general demurrer to the petition, on the

grounds that no cause of action was set out, and that the superior court of Johnson County did not have jurisdiction to try the case, as it appeared that the Central Bank and Trust Corporation was a resident of Fulton County, and that no substantial relief was prayed against the sheriff and deputy sheriff and they had no real interest in the proceeding. The demurrer was overruled, and exceptions pendente lite to this ruling were filed. The plaintiff then on motion struck the Central Bank and Trust corporation as a party defendant, leaving sheriff and deputy sheriff as the only parties defendant. The court, after hearing evidence in the case, granted an injunction against any further proceedings under the tax fi. fa. To this judgment the defendants excepted.

The Civil Code (1910), § 1158, provides that " Defendants in fi. fas. issued by the tax-collectors for taxes shall have the privilege of pointing out the property upon which to levy said fi. fas., but it shall be within the discretion and power of the collector to have the proper officer levy the same on any other property he may point out, whenever he deems it necessary to secure the prompt collection of the tax fi. fas." It appears that the defendant in fi. fa. pointed out certain of the real estate which had been conveyed to the Central Bank and Trust Corporation, and directed the sheriff to levy thereon, as he contends he had a right to do under § 6028 of the Civil Code. That section provides that " When a defendant in fi. fa. shall point out any property on which to levy the execution, such property being in the hands or possession of a person not a party to the judgment from which such execution issued, the sheriff or other officer shall not levy thereon, but shall proceed to levy on such property as may be found in the hands and possession of the defendant, who shall nevertheless be at liberty to point out what part of his property he may think proper, which the sheriff or other officer shall be bound to take and sell first, if the same is, in the opinion of such levying officer, sufficient to satisfy such judgment and cost."

There are at least two good reasons why the sheriff could decline to levy upon the property pointed out by the defendant in fi. fa. The first is that the property had been transferred by deed to the Central Bank and Trust Corporation, and the legal title was therefore in that corporation. The other reason is that § 6028 does not apply to tax executions. *Boyd* v. *Wilson,* 86 *Ga.* 379,

385 (12 S. E. 744, 13 S. E. 428). It will be observed that the tax fi. fa. had been transferred to the Central Bank and Trust Corporation; and under § 1158 of the Civil Code, above cited, the tax-collector had the right to point out the property upon which to levy the tax fi. fa.; and as the fi. fa. had been transferred, the transferee had the same right, and did point out the property and directed the sheriff to levy upon the same. The case might stand differently if it were not a tax fi. fa. to be levied, and the property pointed out by the defendant in fi. fa. belonged to him, and the sheriff arbitrarily or willfully refused to levy upon the same; but such is not the case here.

The petition did not set out a cause of action, nor did the evidence authorize the grant of an injunction. Therefore the court erred in overruling the demurrer, and in granting an injunction.

*Judgment reversed. All the Justices concur, except Gilbert, J., absent.*