WASHINGTON LOAN AND BANKING COMPANY *v.* BUTLER *et al.*

GILBERT, J.  1.  The court properly instructed the jury that an error in the advertisement with reference to the court from which the execution issued would not render void the sale of automobiles to a purchaser without notice of such irregularity. *Saunders* v. *Register*, 149 *Ga.* 286 (99 S. E. 857).

2.  Where the plaintiff, holding title to the automobiles as security for a loan, without reconveying the title to the defendant in fi. fa., instructed the sheriff to levy upon such automobiles for the purpose of making the money to pay all costs and expenses of storing such automobiles, and referred the sheriff to the attorney of the plaintiff in fi. fa. for instruction, and the attorney directed the sheriff to advertise and sell such property, and the property was advertised and sold at sheriff's sale in the usual manner and at the usual time and place, the plaintiff in fi. fa. is estopped from denying the legality of the sale, and the purchaser will receive a good title as against the plaintiff in fi. fa., notwithstanding there was no reconveyance of title. *Lynn* v. *New England Mortgage Security Co.*, 98 *Ga.* 442 (26 S. E. 750); *Ashley* v. *Cook*, 109 *Ga.* 653 (35 S. E. 89).

3.  The evidence authorized the jury to find in accordance with the facts stated in the next preceding headnote.

4.  This case differs from *Parker* v. *Home Mutual Building & Loan Asso.*, 114 *Ga.* 702 (40 S. E. 724), and cases to the same effect cited by plaintiff in error, in that there was no evidence in the *Parker* case that the plaintiff in fi. fa. authorized, either directly or through attorney, the sheriff to sell the property.

*Judgment affirmed. All the Justices concur.*

No. 4500.   JANUARY 14, 1925.

Equitable petition.  Before Judge Shurley.  Wilkes superior court.  July 7, 1924.

Butler bought at sheriff's sale a certain automobile.  Washington Loan & Banking Co., filed an equitable petition against Butler and the sheriff, praying that the sale be set aside and decreed to be a nullity; that Butler be restrained by injunction from using the automobile; and that, in order that the same might be preserved and protected from exposure to the weather, a receiver be appointed to take charge of the same.  The grounds of the petition upon which the prayer for this relief was based are substantially, that an execution purporting to have been issued in favor of the petitioner against Roy and Frank Harper, "from the justice of the peace court of said county," was levied upon the automobile; that no such judgment was ever rendered in favor of petitioner against the defendants named, and the sale upon said pretended judgment is void; that petitioner is the holder of the original note given for

the purchase-price of said automobile, and title to the automobile is in petitioner as security for the payment of said note, and title has never been put in defendants for the purpose of levy and sale; that defendants in fi. fa. are unable to pay their indebtedness to petitioner except by sale of the automobile; that if said automobile is sacrificed by an illegal sheriff's sale petitioner will be damaged; that because of the irregularities above mentioned in the sale the same was illegal and a cloud upon the title of the automobile was created, and no one would bid its true value at said sale, and the price brought by same at said sale was grossly inadequate; that Butler is using the automobile and has informed petitioner of his intention to continue doing so; that the value of the same is thereby being continually reduced and that within a few months it will be entirely valueless; that petitioner was not present by agent or attorney at said sale, and has not received any of the proceeds of said sale.

The answer of the sheriff set up that a purchase-money attachment sued out by petitioner was levied upon the automobile in question; that the same was stored upon instruction from the bank; that at the May term, 1921, of Wilkes superior court an action was pending between the same parties upon the same cause of action, and judgment was rendered thereon at the August term, 1921; that after said judgment the sheriff was requested by the attorney representing petitioner to bring the automobile to sale, and was furnished by said attorney with an advertisement for insertion in the local newspaper carrying sheriff's advertisements; that the cashier of petitioner and its attorney had knowledge of said advertisement, and did not raise any question as to the sufficiency of the advertisement or levy; that petitioner's attorney was at the place of sale a few moments before the sale was held, but went away and returned after the sale was concluded; that the only objection offered by plaintiff directly after said sale was that "said car sold too cheaply;" that the purchasers at the sale were ignorant of any irregularities, bid upon the same in good faith, and were innocent purchasers, and if the sale was irregular it was caused by the plaintiff in the preparation of the advertisement and in failing to make objections during the time when the publication of the advertisement was running; that petitioner has never authorized the sheriff to pay over to defendant Butler the money paid by him for said automobile at said sale, or to pay the costs, or to put the title in

Harper Brothers if the same is necessary to hold a valid sale. The answer of Butler set up substantially the same facts pleaded by the sheriff, but alleged that it was necessary for him to expend $66 for repairs upon the automobile in order to put it in running condition; and prayed that if the said sale should be set aside he be permitted to recover this sum. The jury found for the defendants. Error is assigned upon the overruling of the plaintiff's motion for new trial.

*James M. Pilner* and *Colley & Colley,* for plaintiff.
*Clement E. Sutton,* for defendants.