McDANIEL *v.* THOMAS.

1. One holding a quitclaim deed of conveyance of land, executed by the former owner, was not a stranger to the title, but had such an interest as would entitle him to maintain an action to cancel tax deeds executed over two years before, in pursuance of sales under executions for taxes against the former owner.

2. There is no merit in the contention that the tax sale was void because the defendant in fi. fa. was not given an opportunity to point out property to be levied on. Section 6028 of the Civil Code does not apply to tax sales.

3. The tax deeds and levies were not void for insufficient description of the property levied on.

4. Though the city tax fi. fas. had been transferred to the defendant in the present action, this did not divest the city marshal-of authority to levy them, to conduct the sale under the levy, and to execute the deed to the purchaser.

5. Under the act of September 11, 1891 (Ga. L. 1890-91, p. 101), the tax-collector of Fulton County was authorized to sell the property and execute the deed under execution for State and county taxes.

---

Pleading, 31 Cyc. p. 57, n. 40.

Taxation, 37 Cyc. p. 1191, n. 27; p. 1234, n. 78; p. 1289, n. 65; p. 1320, n. 78; p. 1336, n. 78; p. 1342, n. 19; p. 1446, n. 77; p. 1492, n. 1.

6. The act of 1891 just cited is not unconstitutional as violative of the provisions found in the Civil Code, §§ 6391, 6600.

7. The allegations of lack of notice of the levies by the marshal and the tax-collector were demurrable as statements of conclusions of the pleader, and as indistinct and insufficient.

8. That the sales under executions for city taxes were made in front of the city hall in the City of Atlanta did not render the tax deeds void.

9. Where property worth $4,000 was levied on and sold to satisfy taxes aggregating less than $150, the levy was excessive and void. A positive allegation to this effect was not subject to general demurrer; notwithstanding recitals in the tax deeds that fractional parts of the property were offered for sale and no bid received, and notwithstanding the plaintiff purchased the land and received a quitclaim conveyance in consideration of only $50.

No. 5151. July 16, 1926.

Equitable petition. Before Judge Bell. Fulton superior court. October 23, 1925.

*A. C. Corbett,* for plaintiff.　　*W. C. Munday,* for defendant.

Beck, P. J.　McDaniel purchased a certain lot of land in Fulton County, Georgia, from Elliott, who executed to him a quitclaim deed conveying the lot, on March 31, 1924. More than two years prior to that date the same lot had been sold under executions for taxes due the City of Atlanta and the State and County of Fulton, and in pursuance of this sale deeds had been executed by the marshal of the City of Atlanta and by the tax-collector of Fulton County. In 1925 McDaniel brought his suit in equity against Thomas, the purchaser at the sale and grantee in the tax deeds, seeking a decree that the tax deeds referred to above be declared null and void, and that they be cancelled and title to the property be adjudged and decreed to be in petitioner. The petition contains many grounds upon which it is insisted the sale and the tax deeds were void. The defendant demurred to the petition, on the ground that it sets forth no cause of action, and that the petition should be dismissed because it fails to show that the plaintiff has a legal or equitable interest in the property involved in the suit. The court sustained the demurrer and dismissed the petition.

1. Petitioner was not a stranger to the title, as the defendant insists. He showed conveyance by a quitclaim deed of the property to himself; and if the tax deeds were void, as alleged, he would be vested with title to the property. If the tax deeds stand, the defendant would be entitled to a verdict and decree in

38

his favor. This showed such an interest in the plaintiff as would entitle him to maintain the action. This case differs in its material facts from *McArthur* v. *Peacock,* 93 *Ga.* 715 (20 S. E. 215), and *Saunders* v. *Register,* 149 *Ga.* 286 (99 S. E. 857), where it was held that one who is not in possession of the land at the time of the sale and is a stranger to the title can not maintain an action to set aside the sale. See *Williamson* v. *White,* 101 *Ga.* 276 (28 S. E. 846, 65 Am. St. R. 302).

2. Petitioner insists that the tax sale was void, because the defendant in fi. fa. was not given an opportunity to point out the property to be levied upon, in accordance with the provisions of § 6028 of the Civil Code, which declares upon what property an execution shall be first levied. There is no merit in this contention. Section 6028 does not apply to tax sales, as was held in the case of *Davis* v. *Moore,* 154 *Ga.* 152 (113 S. E. 174), which points out the section that is applicable to such sales.

3. The land sold in this case was described in the levy and in the deed in the following language: "A certain lot in the City of Atlanta, in ward 1, land lot 115 in the 14th district of Fulton County, Ga., fronting 200 feet on the northwest side of Mason and Turner street, between Ashby and Simpson streets and running back 200 feet, more or less, in a northwesterly direction, the house on said lot known as No. 201 on said street according to street numbers, the same being improved property in the City of Atlanta, Ga., adjoining Billard; levied on as the property of J. C. Elliott," etc. The deed and the levy were not void because of the insufficient description of the property.

4. W. E. Harwell, the marshal of the City of Atlanta at the time of the sale of the property, was the proper officer to conduct the sale and execute the deed. This is in accordance with the ordinances of the city, which are not attacked as invalid. Though the city tax fi. fas. had been transferred to Thomas, this did not divest the marshal of authority to levy the execution and sell the land under such levy. *Davis* v. *Moore,* supra.

5. Under the act approved September 11, 1891 (Ga. L. 1890-91, p. 101), entitled an act to make tax-collectors in all the counties of this State which contain a population of 75,000 or more ex-officio sheriffs "in so far as to enable them to collect the taxes due the State and county by levy and sale under tax executions,"

the tax-collector of Fulton County was authorized to sell the property and execute the deed involved in this case.

6. The act of September 11, 1891, just referred to, is not null and void on the ground that it violates the provisions of article 1, section 4, paragraph 1, of the constitution of the State of Georgia (Civil Code, § 6391). Nor is it in violation of the provisions of article 11, section 3, paragraph 2, of the constitution of the State of Georgia (§ 6600). Similar constitutional questions were passed upon in the case of *Abbott* v. *Commissioners of Fulton County,* 160 *Ga.* 657 (129 S. E. 38), where it was held that the act there under consideration was not unconstitutional.

7. The allegation in the petition that the defendant in the tax executions "was not properly notified of the levies by the marshal and the tax-collector, nor were his tenants in possession of the property notified of such levy," are statements of conclusions, and the fact of a want of notice is not well pleaded and is not admitted by the demurrer. Nor does the allegation that "if any notices of the levy were given, they were given before the date of the levies," supply the need of a distinct allegation which should be made in cases of this kind, especially after the lapse of so much time from the date of the levy and the deed to the attacks made thereon, that the officer levying on the land under the execution did not "within five days thereafter leave a written notice of such levy with the tenant in possession of the land [if there was a tenant], nor with the defendant."

8. The contention that the tax deeds executed by Harwell, the city marshal, are void, because the sales in pursuance of which these deeds were executed, "were made in front of the city hall in the City of Atlanta," is without merit, in view of the provisions of the act approved December 18, 1901 (Acts 1901, p. 23), amending section 732 of the Civil Code of Georgia of 1895, and relating to sales for municipal taxes. The section referred to, as amended, is to be read into the charter of the City of Atlanta. See section 879 of the Civil Code of 1910.

9. Another allegation in this petition made it error to dismiss it upon general demurrer; and that is, the allegation that the property was worth $4,000, it appearing that the aggregate of the taxes for which the property was sold was less than $150. That being true, the levy was excessive and void. *Hobbs* v. *Ham-*

*let,* 106 *Ga.* 403 (32 S. E. 351). As against the demurrer, the allegation as to the value of the property will be taken as true, notwithstanding the recitals in the deed that fractional parts of the property were offered for sale and no bids received thereon, and the additional fact that the petitioner purchased this land and received a conveyance by quitclaim deed for a consideration of only $50. The allegation of fact that the land was worth $4,000 is positive, and the existence of facts which give rise to inferences contrary to this can not negative the positive allegation.

*Judgment reversed. All the Justices concur, except Russell, C. J., who dissents from the rulings in paragraphs 6 and 8 of the decision.*