# BAILEY ET AL. *v.* GATES

No. 2869

August 5, 1930.                    290 P. 411.

*Frame & Raffetto,* for Appellants:

*Melvin E. Jepson,* for Respondent:

## OPINION

By the Court, COLEMAN, J.:

This is a proceeding to set aside an order admitting a will to probate. The complaint alleges that Alexander Pollock died in Washoe County, Nevada, on September 18, 1925, leaving as heirs at law certain brothers and sisters and the plaintiffs, who are children of William Pollock, a deceased brother; that Alexander Pollock left no wife, children, mother or father surviving him; that deceased left an estate of the approximate value of $80,000; that he left a purported will in which he bequeathed his entire estate to May Frances Gates; that in due time a petition for the admission of said will to probate was filed in the proper court, but that said petition did not state the names, ages and places

of residence of these plaintiffs. The complaint further avers "that no notice whatsoever was given to plaintiffs, either actual, constructive or otherwise, of said hearing (meaning the hearing on the petition to probate said will) and that it was not until long after the admission of said will to probate that plaintiffs, who were at the time nonresidents of the State of Nevada, and residents of the State of Massachusetts, heard of said proceedings." The complaint also avers that at the time of making of said so-called will by the deceased he was of unsound mind and that the execution of the same was the result of undue influence. The complaint contains certain other allegations not necessary here to mention.

To the said complaint a general demurrer was filed on the grounds that the same does not state sufficient facts to constitute a cause of action. This demurrer was sustained and, the plaintiffs electing not to amend, judgment was entered in favor of the defendants, from which an appeal was taken.

Two points are urged as grounds for reversal: First, that the petition for the probate of the will of the deceased did not state the names, ages and residences of the plaintiffs; and, second, that the complaint herein alleges that no notice was given to plaintiffs of the hearing upon said petition, both being urged as jurisdictional defects in said probate proceedings.

Considering the last point first, it is clear that no valid order can be entered for the probate of a will without the giving of notice to the heirs. In Re Hegarty's Estate, 45 Nev. 145, 199 P. 81.

Section 5860, Rev. Laws, relative to the probate of wills, provides, inter alia, that any person named as executor or executrix in a will, who accepts the trust, may present to the district court a petition for the probating thereof, setting forth in such petition the facts necessary to give the court jurisdiction, and, when known, the names, ages and residence of the heirs and devisees of the deceased. Section 5866 provides that, when such petition is filed with the

clerk of the court, such clerk shall publish notice in some newspaper if there is one printed in the county, if not, then by posting such notice in three public places in the county, stating in such notice the filing of such petition, the object, and designating a time for proving such will, which shall not be less than ten nor more than twenty days.

■ Is there sufficient allegation in the complaint of the failure to give notice? We have quoted the allegation of the complaint which is the basis of the contention that no notice was given.

We think there is an utter failure to allege that no notice was given. The so-called allegation is a naked conclusion. As said in 14 Ency. Pl. & Pr. at page 1071: "In averring notice, the usual rule prevails that facts, and not conclusions of law, should be pleaded. A general averment that the defendant had notice is not sufficient."

The same reasoning applies to a general averment that a party was not given notice.

In Klovdahl v. Town of Springfield (Ore.), 158 P. 668, wherein the court had under consideration the allegation that notice was not given as required by the town charter, citing many authorities to support its conclusion, it said: "Good pleading requires that, instead of saying that 'notice was not given as required by the charter of said town,' the facts relating to that matter be averred, leaving the court to draw the legal conclusion of whether or not the requirements of the charter have been fulfilled."

See, also, McDaniel v. Thomas, 162 Ga. 592, 133 S. E. 624; Stephenson v. Supreme Council, etc., 127 Fed. 379; Peo. v. Banks, 272 Ill. 502, 112 N. E. 269; Rapelye v. Bailey (Conn.), 8 Am. Dec. 199; Lawson et al. v. Townes, 2 Ala. 373; Heitkemper v. Schmeer (Ore.), 275 P. 55.

■ As to the contention that the petition praying for the probate of the will did not state the names, ages and residence of the heirs and devisees of the deceased, we need only say that the statute requires

this to be done when this information is known to the petitioner. So far as appears, the petition states the names, ages and residence of all known heirs.

Other points are made not suggested by the record, which we think it unnecessary to consider.

For the reasons given the judgment is affirmed.

DUCKER, C. J.: I concur.

SANDERS, J. (concurring):

This is not a suit to contest a will after probate, but one to revoke the probate of a will upon the complaint of certain nonresident heirs of the testator, upon the ground that the court was without jurisdiction of the parties plaintiff, in that the petition filed for the probate of the will in question did not expressly mention the plaintiffs as known or unknown heirs; that plaintiffs had no notice, actual, constructive or otherwise of the probate proceedings; that they did not learn of the decree admitting the will to probate until a long time thereafter, they being nonresidents of Nevada and residents of the State of Massachusetts. The complaint further alleges that the plaintiffs being without notice and situated as they were, they were deprived of their property without due process of law. The complaint also alleges that the plaintiffs held valid and subsistent objections to the admission of the will to probate, in that at the time of its execution the testator, Alexander Pollock, was of unsound mind and incapable of making testamentary disposition of his property; that May Frances Gates, the sole beneficiary of the will well knowing the mental condition of the testator, fraudulently took advantage thereof, and induced and compelled him to execute the purported will, and that the will was made and executed under her domination and direction.

The probate of a will by a court having jurisdiction thereof is considered as conclusive as to its due execution and validity, and is also conclusive that the testator was of sound and disposing mind when he executed the will, and was not acting under duress, menace, fraud

or undue influence. Tracy v. Muir, 151 Cal. 363, 90 P. 832, 121 Am. St. Rep. 117; State v. McGlynn, 20 Cal. 233, 81 Am. Dec. 118; Woerner Am. Law of Administration (3d ed.), 767, 28 R. C. L. 377. It is conceded, however, by these authorities that the power to revoke exists in the court itself in all cases where the court acted without jurisdiction, without notice where the statute requires notice, or in disregard of some statutory requirement so that the decree or judgment rendered is void.

It is contended in support of the allegations of the complaint that the failure of the petition for the probate of the will to give the names and residence of the heirs of the testator deprived the court of jurisdiction to admit the will to probate. Sec. 5860, Revised Laws. This contention is untenable. The jurisdiction of the court to admit a will to probate "cannot depend upon either the petitioner acting in good faith or bad faith in omitting the names of the heirs from the petition." Nicholson v. Leatham, 28 Cal. App. 597, 153 P. 965, 155 P. 98. This decision is predicated upon a statute similar to that of ours relating to a petition for probate. Sec. 5860, Revised Laws.

Though the complaint alleges that plaintiffs had no notice, actual, constructive or otherwise, of the probate proceedings, it is admitted in argument that notice for the hearing of the petition was published by the clerk of the court, as provided in section 5866, Revised Laws, quoted in the opinion of Justice COLEMAN.

There seems to be no doubt that when the notice of the presentation for probate is made by publication, and conforms to the requirements of the statute, no other or further notice is required to give the court jurisdiction for the purpose. In Re Kelly (Neb.), 172 N. W. 758, 175 N. W. 653; Re Sieker, 89 Neb. 216, 131 N. W. 204, 35 L. R. A. (N. S.) 1058, and cases cited in note entitled "Right to probate will on service of notice by publication."

The contention that the parties plaintiff were deprived of their property without due process of law is also

untenable. A notice of application for the probate of a will, given by publication for a period of ten days, as provided by statute, does not operate, as to a nonresident heir having no actual notice and so situated as not to be able to receive the notice in time to appear and contest the probate on the original hearing, to deprive him of his property without due process of law. Tracy v. Muir, supra.

I am of the opinion that the complaint herein fails to state a cause of action for the revocation of the probate of the will of the testator, Alexander Pollock, deceased.