## TAYLOR *v.* WILSON *et al.*

BELL, Justice. 1. In this suit to cancel a deed alleged to have been made for the purpose of defrauding creditors, and for incidental relief, it appearing that the deed was executed in the year 1932, and there being nothing to show that the plaintiff was a creditor until nearly three years afterwards, or that the deed was made with the actual intention of defrauding subsequent creditors, the petition did not state a cause of action for cancellation on the theory that the deed was made to defraud creditors. *Sullivan* v. *Ginsberg,* 180 *Ga.* 840 (1-c), 845 (181 S. E. 163).

2. The plaintiff also attacked a marshal's deed upon the alleged ground of excessiveness of levy. This deed was made in pursuance of a sale of the property as that of the plaintiff's debtor to satisfy a tax execution, and was executed on August 10, 1932. It not appearing that the plaintiff became a creditor until afterwards, or that the plaintiff was ever otherwise interested, the petition did not state a cause of action based upon excessiveness of levy. *McArthur* v. *Peacock,* 93 *Ga.* 715 (20 S. E. 215); *Saunders* v. *Register,* 149 *Ga.* 286 (2) (99 S. E. 857). This latter conclusion is not changed by the allegations that the grantee in the deed considered the property, even after the redemption period, as still belonging to the defendant in the tax fi. fa., who is now the plaintiff's debtor, and who since the creation of the plaintiff's debt and the rendition of a judgment therefor has conspired with a named relative to defeat the plaintiff's rights by "a simulated and fictitious negotiation" of the tax deed from the grantee therein to such relative; these averments not showing any ground for estoppel against the grantee in the tax deed to claim under such deed, or to convey the property to any person it might choose, or even that any conveyance of the property has in fact been made by it. Code, § 38-116; *Evans* v. *Napier,* 111 *Ga.* 102, 105 (36 S. E. 426); *Hancock* v. *King,* 133 *Ga.* 734 (2) (66 S. E. 949); *Tillman* v. *Bomar,* 134 *Ga.* 660 (68 S. E. 504); *McCook* v. *Kennedy,* 146 *Ga.* 93 (90 S. E. 713).

3. Under the rulings made above, the court did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed.* *All the Justices concur.*

No. 11980. JANUARY 11, 1938.

William A. Thomas, for plaintiff.

W. O. Slate, Winsor Letton, and Paul H. Butler, for defendants.