CRUMP *v.* McENTIRE *et al.*

No. 13167. June 21, 1940. Adhered to on rehearing, July 29, 1940.

*George L. & Carter Goode,* for plaintiff.

*Homer W. Gaines* and *L. P. Webb,* for defendants.

Atkinson, Presiding Justice. John Doe instituted ejectment against Richard Roe to recover possession of 120 acres of land. In the petition one demise was laid in Joe Crump, and a second demise was laid in W. H. Carter. J. B. McEntire was admonished,

as real claimant, to come in and defend the action. McEntire filed a formal plea of not guilty, and asserted prescriptive title by adverse possession under color of title for more than seven years. Defendant's answer was so amended as to disclaim title as to all the land except 58 acres cut off from the balance of the tract by the eastern line of the Middle River Drainage District. It thus appears that Crump was the real plaintiff and McEntire was the real defendant. At the trial it appeared that plaintiff's sole reliance for title was a deed to him executed in 1934 by the sheriff, conveying the tract described in the petition, in pursuance of a sale at which the land was sold for state and county taxes under execution against Carter. It appeared that the defendant's claim of title was in virtue of a deed executed to him September 17, 1930, by the receivers of the Board of Drainage Commissioners of Middle River Drainage District, conveying 192 acres of land. The tracts claimed by the respective parties interlapped to the extent that both included the 58 acres claimed by the defendant in his answer as amended. The controversy therefore involved only this part of the land. The judge excluded from evidence the sheriff's deed relied upon by the plaintiff, and at the conclusion of the evidence directed a verdict for the defendant. A motion for new trial was overruled, and the plaintiff excepted.

The rulings announced in headnotes 1, 3, 5, 6, and 7 do not require elaboration.

A lawful sale of land for state and county taxes may be perfected so as to accomplish absolute devolution of title of the defendant in fi. fa., unless the land is redeemed from the purchaser, as provided by law. The effect of redemption will not be a transfer of the inchoate title of the purchaser at tax sale, but will be to extinguish the tax sale, leaving the title as before the sale in the defendant in fi. fa., subject to all existing liens and interests of others as against the defendant in fi. fa. *Union Central Life Insurance Co.* v. *Bank of Tignall,* 182 *Ga.* 233 (185 S. E. 108) ; *Templeman* v. *Williams,* 166 *Ga.* 60 (142 S. E. 534). This being the effect, the purchaser, having received the redemption money, is not interested at all in what becomes of the property. As to all other persons who might have had a right to redeem, the redemption is in their interest, and consequently they are not adversely affected. Before passage of the act of 1898 (Ga. L. 1898, p. 85) the law

with respect to the right of redemption of land sold for State and county taxes was contained in the Political Code of 1895. In that Code, § 909, the right to redeem was conferred on "the owner thereof, or any administrator, executor, or guardian, or other trustee of the defendant in execution." In *Richardson* v. *Comer*, 112 *Ga.* 103 (37 S. E. 166), referring to a sheriff's sale of land for state and county taxes for the years 1893, 1894, and 1897, it was held that a successor in title (in virtue of a judicial sale under a common-law fi. fa.) of the delinquent taxpayer had a right as owner of the land to redeem it from the purchaser at the tax sale, and could maintain a suit against the purchaser at tax sale and the officer, to enjoin dispossession under the tax sale. In the opinion it was said: "The provisions of the act of December 20, 1898 (Acts 1898, p. 85), do not apply to the present case. That act gives the right to redeem land sold at tax sale to persons other than the owner, and provides how it shall be done. It is not in conflict with section 909 of the Political Code." The pertinent language in the act of 1898, referred to in the opinion, is "the defendant in tax fi. fa., his heirs or personal representatives, or by any tenant in common, remainderman, or other persons having an interest in such property, . . [or] the holder of any mortgage, judgment, lien, or other interest in said property, or by any creditor of the defendant in fi. fa." Does the term "or other persons having an interest in such property," considered with the context as thus employed in the act of 1898, contemplate as one having a right to redeem land sold at tax sale a person having possession of the property at the time of the sale, who is a rank stranger to the claim of title of the delinquent taxpayer, and whose possession is adverse to such claim of title? When the act of 1898 (Code, § 92-8301) was passed the legislature had in mind such existing statutes and decisions of this court as will now be stated. Bare possession of land will support an action for damages against any person wrongfully interfering with such possession. Code, § 105-1403. It may ripen into paramount title by prescription if continued adversely and in good faith under color of title for a period of seven years. § 85-407. Or without color of title, if so continued for a period of twenty years. § 85-406. Prior possession will support an action in ejectment against one wrongfully ousting the possessor. § 33-102.

In *McArthur* v. *Peacock*, 93 *Ga.* 715 (20 S. E. 215), it was held: "One who was not in possession of land when the same was sold for state and county taxes by the sheriff, and who has no interest in the land as owner, or as being in privity with or a creditor of the owner, but who is a mere stranger to the title, has no right to attack the sale because of excessiveness in the levy." It will be perceived that this decision carries a negative pregnant. If the person referred to had been in possession of the land, a different ruling would have been made. This decision was followed in *Bank of the University* v. *Athens Savings Bank,* 107 *Ga.* 246 (2) (33 S. E. 34), where it was held: "Prior to the act of 1898, one not interested in land sold by the sheriff for state and county taxes except by reason of his holding a judgment lien upon it had no right to attack the sale because of excessiveness in the levy." In the opinion it was said: "We think that, prior to the act of 1898, a lienholder had no right, after a tax sale and a deed to the purchaser, to make the question that the levy of the tax fi. fa. was excessive. He was in no way connected with the title and was not in privity therein with the owner of the land. In the case of *McArthur* v. *Peacock,* 93 *Ga.* 715, this court analogized the right to complain of the excessiveness of a levy to the right to redeem the land after the tax sale, and said that the two were alike in principle. In that case it was held that a stranger to the title who was not in possession had no right to make the question of the excessiveness of the levy and sale. It is true there is an intimation by Lumpkin, J., that a creditor would have a right to redeem the land, and would, therefore, under his reasoning, have a right to make the question as to whether the levy was excessive; but this court afterward, in the case of *Mixon* v. *Stanley,* 100 *Ga.* 372 [28 S. E. 441]; decided that only the owner of the land had the right, under our Code, to redeem, and that a mortgagee had not the right. Fish, J., in an elaborate discussion of the question, held that, under our Code as it then stood, a lienholder had no right of redemption. In 1898 the General Assembly changed the Code so as to allow lienholders or any person interested in the land or any creditor to redeem, but this act was passed subsequently to the trial of the case now under consideration." Having in mind all such rights of a possessor of land, the act of 1898, in using the language quoted above, should be so construed as contemplating

possession of land by a stranger and adverse to the claim of title of the delinquent taxpayer as *an interest* in the land intended to be protected by conferring a right to redeem property sold for taxes. The act confers that right. As the defendant in the instant ejectment suit in virtue of his possession of the land at the time of the tax sale could have redeemed the land from the purchaser at the tax sale, now plaintiff in ejectment, he could, by parity of reasoning under the doctrine of *McArthur* v. *Peacock,* supra, defend his possession by attacking the sheriff's sale as void on the ground that it was based on an excessive levy of the tax fi. fa. The different results were reached in *McArthur* v. *Peacock, Bank of the University* v. *Athens Savings Bank,* supra, *Saunders* v. *Register,* 149 *Ga.* 286 (99 S. E. 857), *Taylor* v. *Wilson,* 185 *Ga.* 321 (2) (195 S. E. 155), because under the facts of those cases the persons seeking to attack the tax sales were either not in possession or were not otherwise in one of the specified classes at the time of the sale who were authorized under the act of 1898 to redeem the property sold for taxes. *Judgment reversed. All the Justices concur.*