No. 50.—JACOB JOHNSON, plaintiff in error, *vs.* JAMES G. MORRIS, defendant in error.

A parol agreement, absolute or conditional, to pay the debt of a third person, void.

Action on Account for Negro Hire, in Randolph Superior Court. Tried before Judge KIDDOO, December 1856.

This was an action brought by James G. Morris, plaintiff below, against Jacob Johnson defendant below, for the recovery of ninety dollars, alleged to be due for the hire of a negro in the year 1852.

The plaintiff proved by *Reuben Dean,* that in the spring or summer of 1852, witness was requested by plaintiff to go with him over to defendant's house; that defendant had sent for him to go over and get his notes for the hire of a negro; that plaintiff wrote out small notes and carried them over and presented them to defendant, who objected to signing them unless there was a condition inserted, that if the negro got sick or runaway, plaintiff should lose the time, but consented to give his note for twenty dollars, which sum plaintiff had agreed to pay to one Alfred Hardy; witness stating that it would do no harm to sign that much as the negro had already worked out that amount. *Dean* further testified that the negro did not runaway, but worked faithfully the whole year, that he was there several times and saw the negro at work and knew that he lost no time, and that the amount to be paid for the hire was ninety dollars.

Here plaintiff rested his case.

Defendant introduced *Allen Jenks* who swore, that within two months past, Dean told him that *Jones* hired the negro from plaintiff, and that he was ready to tell Johnson or any body else so.

*Benjamin Johnson,* son of defendant, swore, that he was present at the time the conversation took place between plaintiff and defendant as testified to by Dean, and that his father

Johnson vs. Morris.

refused to sign the notes, unless there was a condition inserted, that Jones was to make a certain amount of corn and cotton, and in the event of his failing to make said amount, defendant was not to be liable; and that Jones failed to make the same; that Jones and not defendant hired the negro from plaintiff.

Plaintiff then introduced four witnesses, all of whom swore, that they were acquainted with Dean and knew his character for truth and veracity; that they believed him to be a man of truth, and would believe him in a Court of justice; that they had known him for a number of years and had never heard any thing against him, or his word doubted before.

Defendant proposed to prove by Allen Jenks, the confessions of Dean, that he had runaway from Alabama for the crime of perjury, which testimony was objected to by plaintiff's counsel, and the Court sustained the objection and ruled out the testimony, and defendant excepted.

The jury found for the plaintiff the sum of seventy dollars with interest and cost of suit.

Defendant's counsel moved for a new trial, on the grounds:

1st. Because the presiding Judge erred in excluding the testimony of Allen Jenks, as to the confessions of Dean that he had runaway from Alabama for perjury.

2d. Because the verdict was contrary to law and the evidence.

The Court refused the motion for a new trial, to which counsel for defendant excepted, and thereupon assigns error.

TUCKER & BEALL, for plaintiff in error.

DOUGLASS & DOUGLASS, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

It is not pretended that the negro, for whose hire this suit is brought, was originally hired by Johnson of Morris.   It is

insisted however, that under a contract between Jones and Johnson, Johnson was to become paymaster to Morris. Morris contends that the agreement was absolute; Johnson that it was conditional. Let it be either way, it was a parol understanding to pay the debt of another, and therefore void. Let Morris sue Jones, and Jones, Johnson; and if the latter be insolvent, Johnson can be garnisheed.

Was it competent to prove the acknowledgment of Reuben Dean, that he had runaway from Alabama on account of having committed perjury? We are not prepared to say that his testimony could be discredited in this way.

Judgment reversed.