## SHIPPEN BROTHERS LUMBER COMPANY
## v. FLEMISTER.

Where wild lands have been returned for taxation in the county within which they are situated, the tax-collector is without jurisdiction to issue execution for taxes thereon as unreturned wild land, and to cause such lands to be sold; and if he does so, the execution is invalid and the proceedings thereunder are void. The purchaser at such a sale gets no title, and ergo can convey none.

JANUARY 11, 1917.

Ejectment. Before Judge Patterson. Gilmer superior court. October 11, 1915.

*A. H. Burtz* and *Robert C. & Philip H. Alston,* for plaintiff in error. *G. N. Bynum* and *Clark Ray,* contra.

GILBERT, J. Shippen Brothers Lumber Company, plaintiff in error, bought land lot 27 in Gilmer county from one who purchased it at a tax sale. The sale was by virtue of an execution issued by the tax-collector of Gilmer county. The execution recited all jurisdictional facts required by law in such proceedings applicable to wild lands. Civil Code (1910), § 1070. Mrs. Ida C. Flemister brought suit for this land, and on the trial showed title by grant from the State to A. W. Callaway, her father, and to herself by inheritance. She had never seen the land, and had no personal knowledge of its boundaries. She introduced a certified official map which indicated that the land was divided by the county line between Fannin and Gilmer counties. She also showed that E. J. Flemister, as her agent, returned the land for taxes in Fannin county. She also tendered in evidence a certified copy of the wild-land digest of Gilmer county for the year 1884, from the comptroller-general's office, showing that James H. Smith returned the land in question for taxes in Gilmer county. To this copy the defendant objected upon the grounds, that the return did not show any right or authority on the part of Smith to make it; that there was no evidence to show that Smith had any title to the property, or was authorized by anybody who did have title to make the return, and that for these reasons the return, being void, was equivalent to no return. The court overruled the objection, and error was assigned.

The defendant offered to prove by M. S. Clayton that no part of the land was within Fannin county. On objection the court rejected this evidence, and error was assigned. The court directed a verdict for the plaintiff for the premises in dispute, and entered up judgment accordingly. The defendant excepted. The court stated his reason for directing a verdict, the kernel of which is, "I will direct a verdict for the plaintiff in this case, irrespective of where the line is. Smith returned it in Gilmer county. That made it so the tax-collector could not sell it as wild land."

It will be seen that the whole case must be governed by the solution of the single question whether a return of the land for taxes

by Smith was sufficient to invalidate the tax execution. If the question be answered in the affirmative, it is immaterial whether Clayton was allowed to testify that the land was wholly within Gilmer county. Also it would necessarily follow that the evidence of a return by Smith was not only admissible, but vitally material. Also in such case the direction of a verdict was a logical and inevitable result. On the other hand, if the question be answered in the negative, it was harmful error to admit the evidence of Smith's return of the land for taxes, and without it the issue belonged to the jury, and not to the court for determination, and the direction of a verdict was unauthorized. Thus the statement of the judge goes to the root of the issue.

The summary seizure and sale of the land of a citizen is a harsh remedy. It has behind it no adjudication of rights. It depends merely upon statute; and if the procedure varies from the statute, the foundation crumbles. The doctrine of caveat emptor applies with great force, and the purchaser is bound to take notice of all irregularities which have taken place in the proceedings under which he claims. *Southern Pine Co.* v. *Kirkland*, 112 *Ga.* 216, 218 (37 S. E. 362). In the case just cited Mr. Justice Little has stated in a clear and conclusive manner the rule applicable to such tax sales. It is true that the discussion in that case was applied primarily to the failure of the officer to recite the necessary jurisdictional facts in the execution. The same principle would apply, however, to the establishment of jurisdictional facts as to their recital. When contested, it is not sufficient to merely recite all the necessary facts. The truth of the recitals must also be made to appear. "The title to be acquired under statutes authorizing the sale of land for taxes must be regarded as stricti juris, and whoever sets up a tax title must show that all the requirements of the law have been complied with." *Leonard* v. *Pilkinton*, 99 *Ga.* 738, 740 (27 S. E. 753), quoting Black on Tax Titles. It would be inconceivable that the lawmaking power intended only to require strictness as to allegations and unconcern as to proof. The statute provides, "Any wild lands *not given in for taxes* in the county in which they may be shall be subject to double tax, as other property, and it shall be the duty of the tax-collector, when taxes are not paid in the time provided by law, to issue executions against said wild land," etc. Civil Code (1910), § 1070.

Under the proof the land was returned for taxes by Smith. The record does not disclose whether he had any interest in the land or any authority to return it; and it is argued for the plaintiff in error that a return is only valid when made by the owner, or by some one with his authority, citing several decisions of this court which employ language apparently to that effect. The language of these decisions applied to the particular facts in each case, and was not intended to hold that a tax return was invalid because there was nothing to show the interest or authority of the person making the return. "Primarily the State is interested only in receiving the taxes, and is indifferent as to who pays them." Powell on Actions for Land, § 238. Since the State is indifferent as to who pays the taxes, surely it can not be concerned with the matter of who makes the returns.

The jurisdictional facts having been challenged by proof of a return by Smith, the burden was on the lumber company to show that the return was not sufficient in law. Having failed to do so, the tax execution was properly held to be invalid. This lot of land, 160 acres, was taxed at $1.08, and sold for $3.30; which fully demonstrates the necessity for the strict construction of the statute, which has been the uniform practice of all courts and law writers.

*Judgment affirmed. All the Justices concur.*