## 24661. GUY *v.* RILEY.

SUTTON, J. 1. Where a negro wage-hand on a farm is severely burned by falling into a vat of hot whisky mash, while assisting the sheriff to destroy an illicit still found upon the farm of his master or employer, and the sheriff procures a physician to attend the injured servant, promising to pay the physician for his visit in the event no one else will agree to pay him, and where the master, on finding the physician attending his injured servant, expressly promises and agrees to pay for such medical attention and services in treating the servant, including the initial visit made by the physician, the master is liable therefor, and the case is not one in which there is a parol promise to answer for the debt of another, but is an original undertaking by the master, based on a valuable consideration. Code of 1933, § 20-401(2); *Johnson* v. *Morris*, 21 *Ga.* 238; *Becker* v. *Humphries*, 34 *Ga. App.* 644 (130 S. E. 379); *Gainesville Limestone Co.* v. *Robertson*, 28 *Ga. App.* 805 (113 S. E. 98); *Sweetwater Mfg. Co.* v *Glover*, 29 *Ga.* 399; *Raoul* v. *Newman*, 59 *Ga.* 409; *Norton* v. *Rourke*, 130 *Ga.* 600 (61 S. E. 478, 18 L. R. A. (N. S.) 173, 124 Am. St. R. 187); 39 C. J. 247, § 361; 48 C. J. 1163, 1164, §§ 183-185.

2. None of the special grounds of the motion for a new trial show error. Open accounts bear interest from their due date, and a creditor may bring suit for the principal due and for interest to the time of filing suit, and also recover the interest due from the time of filing suit to the date of judgment.

(*a*) In a suit on open account for services performed, where the defendant files a general denial, and his evidence is solely to the effect that he did not agree and promise to pay for the services rendered by the plaintiff, and attached to the petition is an itemized statement of the number of visits made by the plaintiff and the amount charged for each visit, and the plaintiff's evidence, which is not contradicted, is to the effect that he made such visits and treated the patient on each occasion, there is no dispute as to the correctness of the amount of plaintiff's account, but

the only issue is whether the defendant agreed to become liable therefor or not.

(b) In such a case it was not error for the trial judge, in outlining the issue in the case and stating the contentions of each party, to instruct the jury, in effect, that the sole question is whether the defendant agreed to pay for such medical services or not, and if they found in favor of the plaintiff on that issue, they should find the principal amount claimed by the plaintiff and whatever interest was due thereon.

3. The verdict in the plaintiff's favor being authorized by the evidence, and none of the special grounds of the motion for a new trial being meritorious, the trial judge did not err in overruling defendant's motion for new trial.

*Judgment affirmed. Jenkins, P. J., concurs. Stephens, J., concurs in the judgment.*

DECIDED JUNE 15, 1935.

*B. J. Stevens*, for plaintiff in error. *J. Quinn West*, contra.