### 35186. SWINK *v.* PRATER.

CARLISLE, J. 1. Where, on the trial of an action to recover $2,452.47 as the balance due on a joint open account with two named defendants, as individuals, the jury was authorized to find from the evidence, which is in conflict, that the joint account was opened by the plaintiff with the defendants as individuals, and not as officers of a named corporation, to supply them with certain building materials, that all the materials included in the account attached to the petition were delivered to the defendants, who accepted them, and made partial payment of the account, leaving the amount sued for as the balance due as of February 23, 1947—the following verdict by the jury was authorized, "We, the jury, find for the plaintiff the amount of $2,452.47 and against the defendants plus 7% interest per annum."

2. Where, in the case indicated above, the trial court, in its charge to the jury, stated: "I charge you further that the defendants say they operated the business as a *partnership,* known as the Scottdale Brick Company, and dealt with the plaintiff as such corporation and in such name, not individuals. If you find that the defendants were doing business as a corporation, and not individuals, I charge you the plaintiff cannot recover in the case"—the manifestly inadvertent use in the charge of the word "partnership" will not constitute such error as to warrant the grant of a new trial. There was no contention that the defendants were partners; and, when the charge is considered as a whole, it is obvious that the court's use of the word "partnership" was simply a slip of the tongue, and we think that the jury could not possibly have been confused thereby. *Siegel* v. *State*, 206 *Ga.* 252 (56 S. E. 2d 512), and citations; *Lothridge* v. *Varnadore*, 140 *Ga.* 131 (78 S. E. 721). There is no merit in special ground 1 of the motion for new trial.

3. Special ground 2 complains of the exclusion from evidence of a certain letter, but this ground cannot be considered since the contents of the letter are not set forth in the ground, nor is the letter attached thereto as an exhibit. *Burke* v. *State*, 76 *Ga. App.* 612 (47 S. E. 2d 116).

4. In special ground 3 error is assigned upon the trial court's failure to charge that, if the jury found that the plaintiff had sold the materials covered by the open account at prices in excess of the O.P.A. ceiling prices, the plaintiff could not recover such excess. No such issue was raised by the pleadings or by any competent, probative evidence intro-

duced on the trial, and the trial court consequently did not err in failing so to charge.

5. "Open accounts bear interest from their due date, and a creditor may bring suit for the principal due and for interest to the time of filing suit, and also recover the interest due from the time of filing suit to the date of judgment." *Guy* v. *Riley,* 51 *Ga. App.* 404 (180 S. E. 624). While the petition does not allege the exact date on which the account became due, the last item of the account was delivered on September 20, 1946, and the account was customarily paid within two or three days after delivery of the materials. The plaintiff concedes, however, that the account was due at least on February 23, 1947. Under the evidence, which showed that the amount of principal found by the jury in favor of the plaintiff and against the defendant was due, direction is given that the judgment be so amended as to include interest, as found by the jury, due by the defendant to the plaintiff, treating February 23, 1947, as the date on which the account became due. See *Berry* v. *Royal,* 152 *Ga.* 425 (3) (110 S. E. 167).

The trial court did not err in denying the motion for a new trial for any reason assigned therein.

*Judgment affirmed with direction. Gardner, P. J., and Townsend, J., concur.*

DECIDED JUNE 16, 1954.

*James R. Venable, John L. Respess,* for plaintiff in error.
*Wright, Oxford & Love, E. A. Wright,* contra.