JACKSONVILLE BLOW PIPE CO.

v.

TRAMMELL HARDWOOD FLOOR-
ING CO.

Civ. A. No. 388.

United States District Court
N. D. Georgia,
Newnan Division.

June 6, 1958.

Greene, Neely, Buckley & DeRieux, Atlanta, Ga., for plaintiff.

Loeb C. Ketzky, H. T. Quillian, Jr., LaGrange, Ga., for defendant.

SLOAN, District Judge.

In the above complaint plaintiff seeks to recover the sum of $4,475.05 on an account for work and services rendered to defendant in installing a powder arrester system in defendant's hardwood manufacturing plant in Troup County, Georgia.

In its answer to the complaint the defendant admits that it is indebted to plaintiff in the amount sued for. However, the defendant in a counterclaim alleges that plaintiff in performing the work and services set forth in the complaint, while using a truck of plaintiff with a heavy boom mounted thereon, carelessly and negligently dropped such boom and allowed the same to fall upon and across vital machinery and equipment in defendant's plant, damaging and breaking parts of defendant's machinery and equipment which caused an immediate and simultaneous interruption of defendant's operations and forced its plant to be idle and out of operation for a period of 3.325 days and defendant seeks to recover of plaintiff the sum of $1,252.-63 as the cost of necessary repairs to its machinery and equipment (this amount by stipulation being later changed to the sum of $1,127.60) and the sum of $4,-080.74 for loss of profits for 3.325 days at $1,227.29 per day, or a total sum of $5,333.37, for which defendant prays judgment against plaintiff.

By a stipulation entered into between the parties on March 3, 1958, it was stipulated and agreed that the claim of plaintiff is correct and that defendant is liable therefor, subject to its rights under its counterclaim or crossclaim. It was further stipulated and agreed that plaintiff was negligent in the premises and that this negligence was the proxi-mate cause of physical damage to defendant's property and that defendant is entitled to recover of plaintiff the items of damage set forth in defendant's Exhibit 4, identified by the Clerk and attached to the pretrial order. This exhibit reflects items totalling the sum of $1,127.60. It was stipulated that the remaining issue for trial is whether plaintiff is liable to defendant for any loss of profits suffered by defendant on account of its plant being out of operation for 3.325 days while repairs were being made to its plant and equipment.

The case was tried to the Court without a jury on May 19, 1958. Evidence was introduced by plaintiff and defendant and argument of counsel for the respective parties was heard by the Court and the Court now, after due consideration of the evidence adduced, makes the following findings of fact and conclusions of law.

### Findings of Fact

The plaintiff is a Florida corporation with its principal office in that State and the defendant is a Georgia corporation with its office and business located in the Northern District of Georgia, and the amount involved in this controversy, exclusive of interest and costs, exceeds the sum of $3,000.

For some years prior to 1952, Mr. Theo Trammell, as proprietor-owner, operated a lumber business which was unincorporated, under the name of LaGrange Lumber Company. This business was a lumber manufacturing business and included the manufacture of oak flooring. About 1952 the business was incorporated under the name of Trammell Hardwood Flooring Company which continued to operate the same type of business up to the time of the occurrences here involved. The business was well established as a going concern and for some years had been earning a net profit, before taxes, of from $40,000 to $60,000 each year.

Prior to June 9, 1955, Trammell Hardwood Flooring Company employed plaintiff to install a powder arrester system in its hardwood manufacturing plant and

plaintiff on said date of June 9, 1955 was engaged in said work in defendant's plant and was using a truck with a heavy boom on it when plaintiff negligently allowed the boom to fall across certain machinery or equipment inflicting injury and damage to defendant's property which was proximately caused by plaintiff's negligence.

It is stipulated and agreed that the claim of plaintiff is correct and that the defendant is liable therefor subject to defendant's rights under its counterclaim or crossclaim, the sum thus stipulated to be due to plaintiff is the sum of $4,475.05.

It is stipulated and agreed that the defendant is entitled to recover the sum of $1,127.60 which is the cost of repairing the physical damage to defendant's property proximately caused by plaintiff's negligence.

It is uncontroverted and the Court finds that the physical injuries inflicted to defendant's property caused the defendant's plant to be closed down from 1:30 P. M., on June 9, 1955 until noon on June 16, 1955, a period of 4.825 days.

It also appears without dispute that the allegation in the defendant's counterclaim that its plant was forced to be idle and out of operation and production for a period of 3.325 days was arrived at in this way: The plaintiff had told defendant that it would be necessary for the plant to be closed down for a day and a half in order to install the powder arrester system which plaintiff was to install and that this day and a half was deducted from the total days that the plant was closed. However, after the pleading was filed, defendant's counsel learned that the plaintiff had agreed to do the work during the period that the plant was closed over the weekend, so that defendant would not actually lose any working time from the operation of its plant.

The Court finds that as a result of plaintiff's negligence the defendant's plant was forced to be idle and out of operation and production for a period of 4.825 days.

The year 1955 was the best year known to the hardwood flooring business and throughout the year was a seller's market.

The defendant's manufacturing plant normally produced around thirty-two thousand board feet of hardwood flooring per day and the finished product was in great demand, the supply not being sufficient to meet the requirements of the defendant's customers so that defendant was compelled to refuse to accept orders and to ration its product among its regular customers.

The defendant had on the payroll salaried corporate officers and employees, whose annual salaries totaled $73,912.21.

The Court finds that market value of the lumber produced per day in defendant's plant averaged $4,776.29; that the cost of production per day, including cost of rough lumber, cost of labor and other manufacturing expenses averaged $3,551.90, and that the market value of the lumber so manufactured exceeded the cost of production $1,224.39 each day of operation.

The Court finds that the defendant's plant was forced to be idle and out of operation and production for a period of 4.825 days to the injury and damage of the defendant in the sum of $4,000, which was proximately caused by plaintiff's negligence, as aforesaid.

### Conclusions of Law

This Court by virtue of the provisions of Title 28 U.S.C. § 1332, has jurisdiction of the case.

The defendant in its counterclaim, and in its pretrial stipulation, has denominated its loss suffered from the forced shutdown of its manufacturing plant as *loss of profits*. Plaintiff contends that this was a type business that has speculative profits, contingent profits, variable costs and that "it is not the type of business which would be entitled to a loss of profits."

Rule 8(f) of the Federal Rules of Civil Procedure, 28 U.S.C., provides:

"Construction of Pleadings. All pleadings shall be so construed as to do substantial justice."

Professor Moore in Moore's Federal Practice, 2nd Ed., Vol. 2, par. 8.34, p. 1711, says:

"This mandate is the heart of the rules of pleading. Its meaning is well stated in a Supreme Court decision handed down just after the Federal Rules had been submitted to Congress. Mr. Justice Black spoke for a unanimous Court:

" 'Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end,' " citing Maty v. Grasselli Chemical Co., 303 U.S. 197, 200, 58 S.Ct. 507, 82 L.Ed. 745.

■ The final judgment shall grant the relief to which the party in whose favor it is granted is entitled, even if the party has not demanded such relief in his pleadings. Cohen v. Randall, 2 Cir., 137 F.2d 441; Hertz v. Record Publishing Company of Erie, 3 Cir., 219 F. 2d 397.

"Damages are given as compensation for the injury done, and generally this is the measure where the injury is of a character capable of being estimated in money. * * *" Ga.Code, § 105–2001.

■ Generally, expected profits of a business are too uncertain, speculative and remote to permit recovery for their loss. Palmer v. Atlantic Ice & Coal Corp., 178 Ga. 405, 173 S.E. 424, 92 A.L.R. 176.

However, where party's business is forced to close, or is interrupted, loss of profits may be proved and though not recoverable as such, they may be considered in estimating the extent of party's injury. Sturgis & Berry v. Frost, 56 Ga. 188; Barham v. Grant, 185 Ga. 601, 605 (7), 196 S.E. 43.

■ In a tort action, damages for the loss of profits and for injury to or interruption of a business, will be allowed only when they can be established with reasonable certainty and are the proximate result of the wrong complained of. No recovery can be had for such losses if they are uncertain, conjectural or speculative.

■ Prospective profits are necessarily somewhat uncertain and problematical, but in cases where damages are definitely attributable to the wrong of defendant and are only uncertain as to amount, they will not be denied even though they are difficult of ascertainment. Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555, 51 S.Ct. 248, 75 L.Ed. 544.

"In proving compensatory damages, certainty in the fact of damage is essential; certainty as to the amount goes no further than to require a basis for a reasoned conclusion; the injured party is not to be barred from a fair recovery by impossible requirements." Palmer v. Connecticut Ry. Co., 311 U.S. 544 (6), 61 S.Ct. 379, 85 L.Ed. 336.

"The proof of future profits by the evidence of past profits in an established business gives a reasonable basis for a conclusion." Palmer v. Connecticut Ry. Co., supra, 311 U.S. at page 559, 61 S.Ct. at page 384.

Here it is admitted that the plaintiff was negligent and that as a result of plaintiff's negligence physical damage was done to the plant and machinery of the defendant.

■ It is uncontroverted in the record that as a result of this injury, proximately caused by plaintiff's negligence, there was a shutdown of the defendant's manufacturing plant for a period of 4.825 days. It is further uncontroverted that the business of the defendant was an established business and proof of past profits was established and this proof gives a reasonable basis for a conclusion as to the amount of damages suffered.

■ The plaintiff is entitled to interest at 7 per cent per annum from the

date that its account was due, that is July 20, 1955 to date of judgment. Ga. Code, § 57–110; Guy v. Riley, 51 Ga. App. 404, 180 S.E. 624.

Defendant's claims against plaintiff being unliquidated, interest prior to judgment is not recoverable. Browne v. Makin, 5 Cir., 177 F.2d 753.

The amount of plaintiff's claim against defendant is $4,475.05 principal and $901.42 interest from July 20, 1955 to date of judgment at 7 per cent per annum which claim, principal and interest, totals $5,376.47.

The defendant on its counterclaim is entitled to recover of the plaintiff the sum of $5,127.60 and to set said sum off against plaintiff's demand.

### Judgment

Whereupon it is considered, ordered and adjudged that the plaintiff do have and recover of the defendant the sum of $248.87.

The costs shall be assessed equally against plaintiff and defendant.