47737. FARMERS FEED & FERTILIZER COMPANY, INC. v. LYNN.

Quillian, Judge. Farmers Feed & Fertilizer Company, Inc. brought this action based on an open account in the State Court of Tattnall County against Edward H. Lynn. The complaint alleged that the defendant was indebted to the plaintiff in the sum of $835.92; that the account was past due and unpaid; that the plaintiff had made demand and the defendant had failed and refused to pay the sum owed. The complaint also alleged that the plaintiff was entitled to interest at the rate of 7 percent since December 6, 1968 in the amount of $175.54. The prayers were for recovery of the principal sum plus interest and all costs of court. The defendant answered the complaint denying the allegations thereof and asserting that such complaint failed to state a claim against the defendant upon which relief could be granted.

The case came on for trial and after the selection of a jury, counsel for the defendant made an oral motion to strike paragraph 4 of the complaint. This paragraph was the request for recovery of interest. The trial judge instructed the clerk to strike paragraph 4 and any reference to interest in the prayer. The case was not reported and there is no transcript of the evidence adduced on the trial. The jury returned a verdict in the amount of $604 in favor of the plaintiff, which verdict was made the judgment of the court. The plaintiff appeals and enumerates as error the granting of the defendant's motion to strike paragraph 4 and the prayer seeking interest. Error is also assigned on the failure of the trial court to direct the jury to award interest and the failure to instruct the jury with regard to interest. *Held:*

A complaint (or as in this case a portion thereof) should not be stricken "unless the averments disclose with certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of such claim." *Bell v. Atlanta Cooperage Co.,* 121 Ga. App. 207 (173 SE2d 427). See *Tri-City Sanitation v. Action Sanitation Service,* 227 Ga. 489 (181 SE2d 377); *Gill v. Myrick,* 228 Ga. 253, 259 (185 SE2d 72). The cases

with regard to an open account make it clear that interest is recoverable. *Rice-Stix Dry Goods Co. v. Friedlander Bros.,* 30 Ga. App. 312 (3) (117 SE 762); *Ins. Co. of N. A. v. Folds,* 42 Ga. App. 306 (4) (155 SE 782); *Guy v. Riley,* 51 Ga. App. 404 (2) (180 SE 624); *Martin v. Mayer,* 63 Ga. App. 387, 409 (11 SE2d 218); *Swink v. Prater,* 90 Ga. App. 266 (5) (82 SE2d 901). Whether the plaintiff would be entitled to recover interest from December 6, 1968 or not, his pleading does not disclose that he is not entitled to any interest. Hence, the trial judge erred in striking paragraph 4 and the plaintiff's prayer for the recovery of interest.

In view of the ruling herein made the issues raised by the remaining enumerations of error are moot. Furthermore, questions, the determination of which are dependent upon the evidence, are not considered where no transcript is filed. *Scott Properties v. Lawson,* 124 Ga. App. 158 (183 SE2d 238).

*Judgment reversed. Bell, C. J., and Deen, J., concur.*

SUBMITTED JANUARY 2, 1973 — DECIDED MAY 14, 1973.

*Wensley Hobby,* for appellant.
*M. Francis Stubbs,* for appellee.