## 52892. INTERCOMPANY SERVICES CORPORATION v. KLEEB.

STOLZ, Judge.

The appellant corporation contracted to pay the appellee, a certified public accountant, for accounting services on an open account basis. The appellee brought suit for the amount due on the account. Judgment was rendered on a jury verdict for the whole amount claimed by the appellee to be owing, plus interest.

1. The appellant claims that the contract which the appellee sought to enforce below is unenforceable due to the fact that the appellee did not offer documentary proof at the trial of his licensure as a certified public accountant. We find this claim to be without merit. Although the law appears to put the burden of proof of licensure on the appellee (compare *Management Search, Inc. v. Kinard,* 231 Ga. 26 (3) (199 SE2d 899) (1973) with *Knight Drug Co. v. Naismith,* 73 Ga. App. 793 (38 SE2d 87) (1946)), the transcript does contain testimony on which the jury could have found the appellee to have been licensed. Because the appellant did not pose a "best evidence" objection when the appellee testified as to his licensure, he can not now complain that the evidence was not sufficient. See, e. g., *Hanks v. Phillips,* 39 Ga. 550 (3) (1869).

2. The appellant poses an excellent argument in quantum meruit concerning the fact that when no contract exists, damages are measured by the value of the benefit to the party being sued. The appellant correctly notes that the appellee offered no such evidence. Since a valid contract existed in the instant case, however, it was not incumbent on the appellee to prove the value of his services to the appellant.

3. During the trial of the case, in the presence of the jury, the appellee's counsel made a prejudicial comment about matters not in evidence. The appellant immediately moved for a mistrial, at which time the judge admonished the offending attorney and instructed the jury to disregard the comment. He did not declare a mistrial. The appellant's enumeration of error based on the judge's refusal to grant a mistrial is without merit

because of the wide statutory discretion given to trial judges in this matter. Code § 81-1009; *Smith v. State,* 204 Ga. 184, 188 (48 SE2d 860) (1948). In the instant case there was no abuse of discretion in the judge's decision.

4. The appellant's next enumeration of error alleges that the trial court erred in charging the jury on Code § 57-110, which allows interest to be awarded on liquidated demands. The appellant appears to contend that interest can not be awarded on an open account. However, this court has held that open accounts bear interest from their due date, at which time they are considered liquidated demands. *Carnes v. Mobley's Tire &c. Service,* 134 Ga. App. 913 (2) (216 SE2d 703) (1975); *Farmers Feed &c. Co. v. Lynn,* 129 Ga. App. 94 (198 SE2d 877) (1973); *Guy v. Riley,* 51 Ga. App. 404 (2) (180 SE 624) (1935). "Amount claimed is a 'liquidated demand' if it is susceptible of being made certain in amount by mathematical calculations from factors which are or ought to be in possession or knowledge of [the] party to be charged." Black's Law Dictionary, (4th Ed.) p. 1080. In the instant case, there was evidence of the number of hours that the appellee worked for the appellant and of his charges for that time. These are factors which were or ought to have been in the possession or knowledge of the appellant, and they are certainly susceptible to ascertainment by mathematical calculation. In fact, there is evidence indicating that, when presented with the appellee's bills, the appellant accepted them as correct. Therefore, there were liquidated demands on the appellant's open account and interest could properly be awarded.

5. The appellant complains that the interest awarded by the jury in the round figure of $800 is so arbitrary as to be illegal. There is evidence, however, that interest at the legal rate beginning one month after the account was rendered amounted to $877.81. Thus, an award of interest in that amount would have been authorized and the lesser amount of $800 was authorized by the evidence.

6. Appellee's motion for the imposition of the 10% penalty for frivolous appeal is denied.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

ARGUED OCTOBER 7, 1976 — DECIDED NOVEMBER 19, 1976.

*Sanders, Hester, Holley, Askin & Dye, J. Carlisle Overstreet,* for appellant.

*Congdon & Williams, W. Barry Williams,* for appellee.