77668. WHEELER COUNTY STATE BANK v. LEWIS.
(378 SE2d 701)

BANKE, Presiding Judge.

Wheeler County State Bank filed this appeal from the denial of its motion for judgment notwithstanding the verdict or, in the alternative, for a new trial, after obtaining a verdict in its favor in an action to recover the proceeds from the sale of a tobacco crop.

I. J. Culver, Jr., and Bobby Culver jointly executed a promissory note in favor of the bank in the principal amount of $98,419.85, secured by certain specified collateral which included a portion of their 1985 tobacco crop. The portion of their crop covered by the security agreement was described as follows in a financing statement filed to perfect that interest pursuant to the Uniform Commercial Code: "1985 Tobacco Crop Grown on Farm #90037, 18 acres, land of Colon Clark in Wheeler County. Grown on Farm #92061, 20 acres, land of I. J. Culver, Jr. and Bobby Culver in Wheeler County."

The Culvers subsequently sold their entire 1985 tobacco crop for $41,479.61, through warehouse facilities belonging to the appellee, Lewis. The appellant bank had notified Lewis of the existence of its security interest, and Lewis had duly paid the bank the sum of $1,960.92 following the sale. The bank brought the present conversion action to recover certain additional sale proceeds from Lewis, plus interest and attorney fees.

Prior to trial, the court determined, in an order entered on cross-motions for summary judgment filed by the parties, that the Culvers had planted their 1985 tobacco crop on three separate tracts of land, that only the portion of the crop grown on two of those tracts (the

Clark and Culver farms) was listed on the financing statement as collateral for the bank's loan, and that, as a consequence, the portion of the crop grown on the third tract (the Baker farm) was not subject to the bank's conversion claim. The trial court concluded that a jury "must determine the amount of tobacco grown by the Culvers during the year 1985; then it must determine the amount of tobacco grown by them on the Methel Baker land that year, and deduct that amount from the total of tobacco grown by the Culvers in 1985." This ruling has not been challenged by either party. The case proceeded to trial, resulting in a verdict for the bank in the amount of $14,868.38. The bank appeals, contending that this award was inadequate as a matter of law. *Held*:

1. There was evidence that the most productive of the three farms in question had been the Baker farm, because it had suffered the least from drought conditions which existed in 1985. According to I. J. Culver, Jr., the actual amount of tobacco grown on the Baker farm in 1985 represented approximately 80 percent of the total crop grown on all three tracts. However, there was also evidence that, because the amount of tobacco actually grown on the Baker farm that year exceeded the government allotment for that property, the Culvers had incorrectly attributed a portion of their harvest from that property to the Culver and Clark farms, where the production quotas had not been exceeded. The appellant contends that this evidence demanded an award in its favor based not on the amount of tobacco actually grown on the Culver and Clark farms but on the amount attributed to those farms in the allotment reports.

"[A] motion for judgment notwithstanding the verdict is proper only where 'there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict.' [Cits.]" *Hiers-Wright Assoc. v. Manufacturers Hanover &c. Corp.*, 182 Ga. App. 732 (356 SE2d 903) (1987). The trial court correctly instructed the jury that the bank's collateral consisted of the tobacco grown on the Clark and Culver farms and that their function was to arrive at those figures and calculate an award accordingly. Contrary to the appellant's assertions, the jury was not required to base its award on the allotment reports. Accordingly, the motion for judgment notwithstanding the verdict, or, in the alternative, for a new trial was properly denied.

2. The appellant also challenges two evidentiary rulings made by the trial court. The first of these presents nothing for review on appeal, inasmuch as the trial court in fact sustained the appellant's objection to the evidence in question. The second ruling concerns certain testimony offered by the appellee to the effect that the other collateral offered as security for the Culvers' indebtedness had been liquidated and the proceeds applied against the debt. This evidence

was relevant to establish the remaining balance of the loan that the bank was seeking to collect and could not, in any event, have been harmful to the appellant.

*Judgment affirmed. Birdsong and Beasley, JJ., concur.*

DECIDED FEBRUARY 6, 1989 —
REHEARING DENIED FEBRUARY 21, 1989 —

*Newton, Smith, Durden, Kaufold & McIntyre, Wilson R. Smith,* for appellant.

*Malcolm F. Bryant, Jr.,* for appellee.