A89A1821. SOUTHERN MEDICAL CORPORATION v. WILLIS.
(391 SE2d 803)

McMURRAY, Presiding Judge.

Howard Willis, d/b/a Howard Willis Construction Company (plaintiff), brought an action against Southern Medical Corporation and its president and major stockholder W. Kenneth Abbott (defendants), seeking to recover for materials and services plaintiff allegedly provided to corporate defendant Southern Medical Corporation. Plaintiff also sought interest and attorney fees. Defendants denied plaintiff's claim and counterclaimed, alleging that plaintiff provided substandard "roofing repairs on [its] property. . . ." After the selection of a jury, but prior to the introduction of evidence, counsel for plaintiff announced that defendant Abbott was being dropped "individually as a party to this particular suit." The case proceeded to trial before the jury and the evidence revealed the following:

Plaintiff provided services and materials for the repair of corporate defendant's business property from the early part of 1985 to about the middle of 1987. Plaintiff would complete jobs and submit bills, showing the cost of work at various sites, but not segregating the

charges for labor from the charges for materials. Corporate defendant did not question this method of billing and it customarily satisfied its account with plaintiff without inquiry.

In December of 1986 corporate defendant fell behind in its payments to plaintiff with an outstanding account balance of $8,183.44. Nonetheless, plaintiff continued to work for corporate defendant, submitting bills for work completed. By the end of May 1987, the outstanding account balance was $31,921.38. Plaintiff submitted a bill for this amount and demanded payment. Corporate defendant's president acknowledged this debt and promised to pay it from the proceeds of a loan. However, the account was never paid and plaintiff stopped working for corporate defendant.

The quality of plaintiff's work and the amount of corporate defendant's debt to plaintiff was not disputed until after plaintiff filed a suit to recover on the account. The jury rendered a verdict for plaintiff in the principal amount of $31,921.38. The jury also awarded plaintiff $3,240 as prejudgment interest and $3,000 in attorney fees. This appeal followed the denial of corporate defendant's motion for judgment notwithstanding the verdict. *Held*:

1. In its first and second enumerations, corporate defendant contends the trial court erred in denying its motion for judgment notwithstanding the verdict, arguing that the evidence was insufficient to support a finding that it owed plaintiff money on an open account.

" '(A) motion for judgment notwithstanding the verdict is proper only where "there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict." (Cits.)' *Hiers-Wright Assoc. v. Manufacturers Hanover &c. Corp.*, 182 Ga. App. 732 (356 SE2d 903) (1987)." *Wheeler County State Bank v. Lewis*, 190 Ga. App. 380, 381 (1) (378 SE2d 701). In the case sub judice, evidence that corporate defendant admitted responsibility for the $31,921.38 debt was sufficient to sustain the jury's verdict.

2. Corporate defendant also contends in its first enumeration that "[t]he trial court further erred in allowing the plaintiff, over objection, to introduce into evidence invoices for labor and materials which were vague, inconsistent and contradictory."

"It is the duty of the party asserting error to show it by the record. . . . *York v. Miller*, 168 Ga. App. 849 (310 SE2d 577) (1983)." *Denny v. Nutt*, 189 Ga. App. 387, 388 (2), 389 (375 SE2d 878). In the case sub judice, corporate defendant fails to point out which invoices were "vague, inconsistent and contradictory." Consequently, there remains nothing for review.

3. Next, corporate defendant contends the trial court erred in failing to direct a verdict as to the issue of prejudgment interest, arguing that there was insufficient evidence that "an account stated ex-

isted between the parties."

"[T]his court has held that open accounts bear interest from their due date, at which time they are considered liquidated demands. [Cits.]" *Intercompany Svcs. Corp. v. Kleeb*, 140 Ga. App. 512, 513 (4) (231 SE2d 505). Evidence in the case sub judice indicating that corporate defendant accepted plaintiff's bill for $31,921.38 as correct was sufficient to sustain the jury's finding that plaintiff's claim was liquidated and that plaintiff was entitled to interest from the due date. See *Intercompany Svcs. Corp. v. Kleeb*, 140 Ga. App. 512, 513 (4), supra. This enumeration is without merit.

4. Finally, corporate defendant contends the evidence was insufficient to sustain the jury's verdict as to attorney fees.

"OCGA § 13-6-11 allows recovery of attorney fees 'if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense. It is only necessary to the plaintiff's recovery that he show any one of these three conditions exists. (Cits.)' *Altamaha Convalescent Center v. Godwin*, 137 Ga. App. 394, 395 (224 SE2d 76) (1976)." *A.P.S.S. v. Clary & Assoc.*, 178 Ga. App. 131 (2) (342 SE2d 375). Further, "[a]n award of attorney fees under OCGA § 13-6-11 is to be affirmed if there is any evidence to support it. *Ken-Mar Constr. Co. v. Bowen*, 245 Ga. 676 (266 SE2d 796) (1980)." *A.P.S.S. v. Clary & Assoc.*, 178 Ga. App. 131, 132 (3), supra. Evidence in the case sub judice showing that corporate defendant acknowledged the debt to plaintiff, never disputing the quality of plaintiff's work or the amount of plaintiff's bill until after suit was filed, was sufficient to authorize a finding that corporate defendant caused plaintiff unnecessary trouble and expense.

5. Plaintiff's motion for assessment of 10 percent damages for frivolous appeal pursuant to OCGA § 5-6-6 is hereby denied.

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED MARCH 8, 1990.

*Newton, Smith, Durden & Kaufold, Howard C. Kaufold, Jr., William R. Rice*, for appellants.

*Joseph D. McGovern*, for appellee.