A06A1127. DAVIS et al. v. WHITFORD PROPERTIES, INC. et al.
(637 SE2d 849)

MILLER, Judge.

Julius W. Davis, Jr., and his wife, Kan S. Davis, entered into a contract with Whitford Properties, Inc. ("Whitford Properties") and Dennis L. Whitford (collectively with Whitford Properties, "Whitford") to construct a home for the Davises in Barrow County. After a dispute arose during construction, the Davises sued Whitford for fraud, breach of contract, and negligent construction. Whitford Properties filed a counterclaim for breach of contract, among other things, and alleged that the Davises acted in bad faith.

Prior to trial, Whitford filed a motion for summary judgment. In response, the trial court dismissed the Davises' fraud claim while leaving their other claims to be heard by a jury. In April 2004, after finding that the Davises had breached the contract and acted in bad faith, the jury awarded $43,196 on Whitford Properties' breach of contract counterclaim and $73,669 in attorney fees on its bad faith counterclaim. The Davises filed a motion for new trial or to reform the

---

judgment. The trial court denied such motion, and in July 2005, the trial court ordered the Davises to pay the amount imposed by the jury's verdict as well as post-judgment interest of $5,924.30 that had accrued on the awards for both breach of contract and bad faith.

The Davises appeal, alleging that the trial court erred in (1) granting Whitford's motion for summary judgment as to their fraud claim; (2) awarding attorney fees on Whitford Properties' bad faith counterclaim, as such award was neither authorized by the law nor supported by the evidence; and (3) awarding post-judgment interest on the attorney fees awarded pursuant to Whitford Properties' bad faith counterclaim. We discern no error and affirm.

"On appeal from the grant of summary judgment(,) this Court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. (Cits.)" *Stinchcomb v. Wright*, 278 Ga. App. 136, 137 (1) (628 SE2d 211) (2006).

So viewed, the evidence shows that Whitford and the Davises entered into a construction contract on July 16, 2000, pursuant to which Whitford agreed to construct a home on property owned by the Davises. In exchange, the Davises agreed to pay $311,485 to Whitford plus "any additional costs above the allowances for any item which exceeds the original stated allowance amount."

In November 2000, Whitford presented the Davises with a list of allowance overages and change orders that increased the contract price by approximately $50,000. The Davises consented to the increase and asked Whitford to notify them of any additional changes to the contract price.

The Davises moved into the house in January 2001. In February 2001, Whitford presented the Davises with a final change order increasing the contract price by approximately $40,000. While the Davises had agreed to a second increase in the contract price, they disputed the amount of the increase and terminated Whitford without making a final payment for the house.

After a five-day trial, a jury found that it was the Davises, not Whitford, who breached the construction contract and acted in bad faith. This appeal followed.

1. The Davises challenge the grant of summary judgment to Whitford on their fraud claim. They assert that there was a genuine issue of material fact regarding whether Whitford fraudulently induced them to enter into the construction contract knowing that it would be unable to construct the house for $311,485. We disagree.

> The general rule is that actionable fraud cannot be predicated upon promises to perform some act in the future. Nor

does actionable fraud result from a mere failure to perform promises made. Otherwise any breach of a contract would amount to fraud. An exception to the general rule exists where a promise as to future events is made with a present intent not to perform or where the promisor knows that the future event will not take place.

(Citations and punctuation omitted.) *Hamilton v. Advance Leasing & Rent-A-Car*, 208 Ga. App. 848, 850 (2) (432 SE2d 559) (1993).

The Davises point to the two change orders as evidence that Whitford knew from the outset that it could not construct the house for $311,485. However, the terms of the construction contract explicitly acknowledged that the construction price was based on allowances set in the budget and would change if actual costs exceeded the original allowance amount. Additionally, Mr. and Mrs. Davis both acknowledged that they understood the $311,485 was not a fixed price and that they would be responsible for actual costs that exceeded the allowances contained in the contract. The Davises also admitted that a portion of the additional costs resulted from changes that they had requested. As a result, the mere existence of the change orders does not indicate that Whitford fraudulently induced the Davises to enter into the contract.

The Davises assert that they "were prepared to offer evidence that [Whitford has] a documented history of engaging in this very same pattern of fraudulent activity with others." While such evidence would have supported the Davises' fraud claim against Whitford's motion for summary judgment, the Davises failed to make such claim or offer any evidence in support of such claim to the trial court. It is well established that "[t]his court will not consider arguments neither raised nor ruled on in the trial court and that are asserted for the first time on appeal." (Citations omitted.) *Chiaka v. Rawles*, 240 Ga. App. 792, 796 (4) (525 SE2d 162) (1999). Accordingly, even if there were such evidence, the Davises have waived the opportunity to present it in support of their appeal. See *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827, 829 (2), n. 12 (573 SE2d 389) (2002) ("trial court cannot be reversed on any ground or argument not presented for or against the motion for summary judgment") (citation and punctuation omitted).

2. The Davises claim that the trial court erred by awarding attorney fees on Whitford Properties' bad faith counterclaim, because such award was neither authorized by the law nor supported by the evidence. We disagree.

OCGA § 13-6-11 allows recovery of attorney fees if a party has acted in bad faith. The Davises' claim to the contrary notwithstanding, "[a]ttorney fees as expenses of litigation . . . are not punitive

damages, . . . and the jury may award them if [a party] has acted in bad faith." *Ross v. Hagler*, 209 Ga. App. 201, 204 (3) (433 SE2d 124) (1993).

The question of "bad faith is . . . for the jury[,] to be determined from consideration of the facts and circumstances in the case." (Citations and punctuation omitted.) *Stargate Software Intl. v. Rumph*, 224 Ga. App. 873, 878 (4) (482 SE2d 498) (1997). In addition, "an award of attorney fees under OCGA § 13-6-11 is to be affirmed if there is any evidence to support it." (Citations and punctuation omitted.) *Southern Med. Corp. v. Willis*, 194 Ga. App. 773, 775 (4) (391 SE2d 803) (1990).

Here, the jury found that the Davises had acted in bad faith and awarded Whitford Properties $73,669 in attorney fees. The jury's finding was supported by evidence that the Davises refused to pay the $40,000 final change order even though they admitted (i) owing Whitford approximately $10,000 for additional allowance overages and change orders and (ii) that out of the $40,000 owed, they could only point to $800 for which Whitford had failed to provide them with a subcontractor invoice to verify the legitimacy of the charges. In addition, the Davises' own expert engineer testified that many of the construction problems cited by the Davises would have been easy to resolve. As a result, the jury was authorized to find that the Davises acted in bad faith and to award attorney fees to Whitford Properties. See *Professional Consulting Svcs. v. Ibrahim*, 206 Ga. App. 663, 665-666 (3) (426 SE2d 376) (1992).

Citing *Premier Cabinets v. Bulat*, 261 Ga. App. 578, 582-583 (5) (583 SE2d 235) (2003), the Davises claim that the amount of attorney fees awarded was not authorized under the law because Whitford Properties failed to present any evidence to show which portion of its total attorney fees, as presented to the jury, was attributable to prosecuting its successful counterclaims and which portion was attributable to prosecuting unsuccessful counterclaims and defending against the Davises' claims.

In *Premier Cabinets*, this Court acknowledged that a party is entitled to recover attorney fees only for that portion of the fees that are allocable to the attorney's efforts to prosecute a successful claim. Id. at 582 (5). We distinguished that case, however, from *Witty v. McNeal Agency*, 239 Ga. App. 554, 556 (1) (b) (521 SE2d 619) (1999), in which we held that a party that agreed to submit attorney fees to the jury via the testimony of counsel could not fail to object to the fees submitted by opposing counsel and then raise the failure to apportion the fees for the first time on appeal. *Premier Cabinets*, supra, 261 Ga. App. at 583 (5).

Here, as in *Witty*, the parties agreed that each side would submit their litigation expense bills to the jury without testifying or cross-examination. Just prior to delivering their closing arguments, each counsel tendered their litigation expenses into evidence, without any itemization of such costs as to the prosecution or defense of particular claims or counterclaims.

It is key here that the Davises did not object to the submission of Whitford's litigation expenses, nor did they object to the jury verdict form or the court's requests to charge. The verdict form was discussed with the trial court, and both parties could have objected to the form of verdict during or even prior to trial.[1] Additionally, after the jury returned a verdict in favor of Whitford, the Davises explicitly declined to make any exception to the form of verdict and told the trial court that it did not need to garner any additional information from the jury before issuing a judgment.

Since the Davises consented to the method of presenting litigation expenses to the jury and made no objections to such presentation when they had the opportunity to do so, the Davises cannot raise the issue for the first time on appeal. See *Witty*, supra, 239 Ga. App. at 556 (1) (b). "To do so would be induced error by their agreement with such procedure. *Outdoor Systems v. Woodson*, 221 Ga. App. 901 (473 SE2d 204) (1996)." Id.

> If the verdict was illegal and the trial court erroneously accepted the verdict, then [the Davises] were under a duty to timely object to the irregularity before the jury was excused. [Their] failure to do so waived any defects. A timely objection permits the trial court to reform or remodel the verdict in the presence of the jury before they are excused and saves precious judicial time and resources. *West Ga. Pulpwood &c. Co. v. Stephens*, 128 Ga. App. 864, 870 (3) (198 SE2d 420) (1973); see *Folds v. Reese*, 140 Ga. App. 291, 292 (2) (231 SE2d 808) (1976). "Upon hearing an improper verdict rendered, a litigant should not sit silently by, hoping to gain a retrial by failing to object." (Citation omitted.) *Clifton v. Clifton*, 249 Ga. 831, 832 (294 SE2d 518) (1982); accord *LaBanz v. Bank South Macon*, 198 Ga. App. 79, 82 (1) (400 SE2d 357) (1990); *Folds v. Reese*, supra at 292 (1).

Id. at 560 (3) (a). As a result, the Davises have waived any claim regarding the failure to allocate the attorney fees.

---

[1] Uniform Superior Court Rule 7.2 provides for the verdict form to be included on a consolidated pre-trial order filed by counsel for each party.

3. The Davises claim that the trial court erred by awarding post-judgment interest on the attorney fees awarded to Whitford Properties. Again, we disagree.

OCGA § 7-4-12 provides that interest on the principal amount of a judgment accrues until such amount is paid, and OCGA § 9-12-10 provides that where a judgment is entered with interest, only the principal amount of the judgment shall accrue post-judgment interest. The award of post-judgment interest is "intended to deter post-judgment delay, motions, and appeals and to bring finality to judgments." *Security Life Ins. Co. v. St. Paul Fire & Marine Ins. Co.*, 263 Ga. App. 525, 529 (2) (588 SE2d 319) (2003) (awarding post-judgment interest on attorney fees), rev'd on other grounds, 278 Ga. 800 (606 SE2d 855) (2004).

The Davises cite to *Windermere, Ltd. v. Bettes*, 211 Ga. App. 177, 181 (438 SE2d 406) (1993), for the proposition that post-judgment interest does not accrue on an award of attorney fees. In *Windermere*, however, this Court ruled that the trial court erred in awarding post-judgment interest on a judgment that included pre-judgment interest, in violation of OCGA § 9-12-10. Id.

Here, unlike in *Windermere*, the trial court properly excluded the award of pre-judgment interest in calculating the amount of post-judgment interest. An award of attorney fees under OCGA § 13-6-11 is a compensatory damages award (see *Rogers v. Ga. Ports Auth.*, 183 Ga. App. 325, 329 (3) (358 SE2d 855) (1987)) and should bear post-judgment interest as part of the original debt. As a result, the trial court properly applied post-judgment interest to the award of attorney fees.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 31, 2006 —

*Webb, Tanner, Powell, Mertz & Wilson, Anthony O. Powell, Matthew P. Benson,* for appellants.
*Todd E. Hatcher,* for appellees.