A09A0531. HASH PROPERTIES, LLC et al. v. CONWAY et al.
(679 SE2d 799)

MILLER, Chief Judge.

This case arises from the tax sale[1] of unimproved land located in the Fairfield Oaks Subdivision of Gwinnett County, consisting of 3.64 acres, traversed by two sets of power lines and described as a recreation area (the "Property"). As a result of unpaid taxes of $849.23 in 2000, Gwinnett County Sheriff R. L. Conway ("Sheriff Conway") sold the Property to Hash Properties, LLC and Hassan M. Abu-Shawareb, Ph.D. ("Dr. Shawareb," collectively "Hash") for

---

[1] A tax sale is made upon real or personal property under tax levy and execution for unpaid taxes due. See OCGA § 48-4-1 et seq.

$161,000. When the tax sale took place on March 7, 2006, Dr. Shawareb mistakenly believed that a two-story house was on the Property. Hash filed its complaint against Sheriff Conway, Tax Relief Investments, LP ("TRI"), Cornett Consulting, Inc. ("Cornett"), Fairfield Oaks Homeowners' Association, Inc. ("Fairfield"), and Meadow Trace, Inc. ("Meadow Trace")[2] three months later. By its complaint, Hash sought to set aside the tax sale as invalid for a wrongly named defendant in fi. fa., or, in the alternative, for unjustly enriching TRI and Cornett (collectively "Tax Relief") as third party transferee of the tax execution on the Property[3] and as purchaser of the Property from Fairfield with interest in the tax deed thereon, respectively. Answers denying the material allegations of the complaint followed, Cornett adding a counterclaim against Hash for excess proceeds arising out of the tax sale. Subsequently, Tax Relief by joint motion, and Sheriff Conway individually, moved for summary judgment.

Hash appeals from the trial court's grant of each motion, arguing that the tax sale must be set aside because (i) Meadow Trace was wrongly noticed and publicized in the tax sale and tax deed as the defendant in fi. fa. and (ii) genuine issues of fact remain on the question of its exercise of due diligence before the tax sale. Further, Hash contends that summary judgment for Tax Relief was error, arguing, in the alternative, that jury questions remain as to its right to recover any excess proceeds from the tax sale under the theory of unjust enrichment. Discerning no error, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citation omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

So viewed, the undisputed evidence shows that Fairfield was the record owner of the Property at the time of the March 7, 2006 tax sale, having acquired the Property in 1988 from Meadow Trace. The

---

[2] Hash Properties voluntarily dismissed Meadow Trace from the lawsuit on February 20, 2008, without prejudice.

[3] Under Georgia law, a third party may pay a tax execution in exchange for the transfer of the execution to that third party. OCGA § 48-3-19 (a) (1). *Harper v. Foxworthy, Inc.*, 254 Ga. App. 495, 496 (562 SE2d 736) (2002).

Gwinnett County Tax Commissioner assigned TRI the tax year 2000 fi. fa. on the Property on October 30, 2001. Cornett purchased the Property from Fairfield on March 27, 2006 by quitclaim deed and an assignment of Fairfield's interest in the tax deed on the Property arising out of the tax sale. The two instruments purported to convey fee simple title to the Property to Cornett, as well as Fairfield's rights to redeem the Property, and its right to the excess proceeds from the tax sale.

The published notice of tax sale duly advertised the Property to the public as "being 3.64 acres, more or less, being the Recreation Area, Fairfield Oaks Subdivision . . . being known as 1460 Racquet Club Drive . . . [,]" identified the Parcel No. as R-7073-188 and Meadow Trace, rather than record owner Fairfield, as the defendant-in-fi. fa., and contained the following express disclaimer: "This is a buyer beware sale and all property will be sold as is. The Sheriff makes no warranty, neither express or implied, as to title, and all properties are subject to all recorded covenants, easements, and rights of ways." Upon being deposed, Dr. Shawareb, Hash's sole owner, conceded that the entire advertisement was read aloud at the tax sale, although he principally focused on the Property's parcel number.

1. Hash argues that summary judgment for Sheriff Conway and Tax Relief was error because the fi. fa. in issue named the wrong defendant (Meadow Trace in lieu of Fairfield), requiring that the tax sale be set aside pursuant to OCGA § 9-13-172 (providing courts authority to set aside execution sales for "fraud, irregularity, or error to the injury of either party . . ."). Given that Hash failed to raise the instant claim of error on motion for summary judgment in the trial court, such claim of error is waived on appeal. The "trial court cannot be reversed on any ground or argument not presented for or against [a] motion for summary judgment." (Citations and punctuation omitted.) *Davis v. Whitford Properties*, 282 Ga. App. 143, 145 (1) (637 SE2d 849) (2006). In any event, Hash's remedy for errors in a tax sale is damages against the appropriate party, not rescission. "[D]efects in following the notice provisions of the tax sale statute may give an injured party a claim for damages, but will not render the tax sale or the deed therefrom void. [Cit.]" *G. E. Capital Mtg. Svcs. v. Clack*, 271 Ga. 82, 83 (1) (a) (515 SE2d 619) (1999). OCGA § 9-13-172 is otherwise inapplicable in the circumstances of this case. On being deposed, Hash abandoned any claim of fraud. And inasmuch as the trial court properly found that Hash failed to exercise due diligence prior to purchasing the Property (Division 2, infra), its claim of irregularity in the tax sale based on the purchase price it paid for the Property is without merit.

2. Hash contends that summary judgment for Sheriff Conway

and Tax Relief was error because genuine issues of material fact remain on the question of its exercise of due diligence prior to the tax sale. Again, we disagree.

It is well settled in Georgia that the purchaser at a tax sale comes within the doctrine of caveat emptor and is presumed knowledgeable of any defects the record discloses despite any statements to the contrary made by individuals. *Pittman Constr. Co. v. City of Marietta*, 177 Ga. 573 (170 SE 669) (1933); *Shippen Bros. Lumber Co. v. Flemister*, 146 Ga. 348, 350 (91 SE 111) (1917).

Here, it is undisputed that Dr. Shawareb had notice of the description of the Property as advertised and that the sale was being conducted on a "Buyer Beware" and "as is" basis. And Dr. Shawareb freely admits that he never went to the deed room to search the deed records, never sought to obtain a subdivision plat of the Fairfield Oaks subdivision, never contacted anyone from Meadow Trace before or after the sale and did not engage in any record search for a mortgage. Rather, Dr. Shawareb deposed that he did no research and relied only on the staff at the Tax Assessor's Office to provide him information regarding the Property.

Under these circumstances, the trial court did not err in granting the motions for summary judgment for lack of evidence of the exercise of due diligence.

3. Finally, Hash contends that summary judgment for Tax Relief was error, arguing that jury questions remain as to its entitlement to recover the excess proceeds of the tax sale under the theory of unjust enrichment. Specifically, Hash claims Cornett took unfair advantage of its error in purchasing the Property. The record reveals that Hash raises this claim of error for the first time on appeal. Once again, Hash has waived its claim of error. *Davis*, supra, 282 Ga. App. at 145 (1).

Even were it otherwise,

> [t]he theory of unjust enrichment applies when as a matter of fact there is no legal contract . . . , but where the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefited party equitably ought to return or compensate for. [Cits.]

*Regional Pacesetters v. Halpern Enterprises*, 165 Ga. App. 777, 782 (2) (300 SE2d 180) (1983). Here, Hash purchased the Property for value by a legally binding contract at a tax sale. Tax Relief received payment in full for its year 2000 tax fi. fa. No party to the contract has avoided payment for value received. Thus, no unjust enrichment has been established. It follows that summary judgment for Tax Relief on this basis was not error.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED JUNE 5, 2009.

Richardson & Chenggis, George G. Chenggis, for appellants.
Michael V. Stephens II, Kurt R. Hilbert, for appellees.